PER CURIAM.
 

 This matter is before the Court for consideration of proposed amendments to the Florida Rules of Civil Procedure. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 The Florida Bar Civil Procedure Rules Committee (committee) has filed its regular-cycle report of proposed amendments to the Florida Rules of Civil Procedure. The committee proposes the adoption of new Florida Rule of Civil Procedure 1.071 (Constitutional Challenge to State Statute or County or Municipal Charter, Ordinance, or Franchise; Notice by Party), new form 1.975 (Notice of Compliance When Constitutional Challenge is Brought), and new rule 1.285 (Inadvertent Disclosure of Privileged Materials), as well as amendments to rule 1.080 (Service of Pleadings and Papers); rule 1.100(c)(1) (Pleadings and Motions; Caption) and form 1.901 (Caption); rule 1.810 (Depositions Upon Oral Examination); rule 1.340 (Interrogatories to Parties); rule 1.351 (Production of Documents and Things Without Deposition); rule 1.360 (Examination of Persons); rule 1.410 (Subpoena); rule 1.420 (Dismissal of Actions); rule 1.442 (Proposals for Settlement); rule 1.470 (Exception Unnecessary; Jury Instructions); rule 1.480 (Motion for a Directed Verdict); rule 1.510 (Summary Judgment); rule 1.525 (Motions for Costs and Attorneys’ Fees); and form 1.923 (Eviction Summons/Residential). The committee also recommends deletion of forms 1.985 (Standard Jury Instructions) and 1.986 (Verdicts).
 

 Prior to submission to the Court, the proposals were published for comment in
 
 The Florida Bar News.
 
 Several comments were received by the committee, and in response to those comments, minor revisions were made to some of the proposals. After submission to the Court, all of the committee’s proposed amendments were published once again for comment. Two comments were received, and the committee filed responses to those comments.
 

 Upon consideration of the committee’s proposals, the comments filed by interested parties and the committee’s responses thereto, we adopt the amendments as proposed by the committee, with several modifications as more fully explained below.
 

 First, the committee proposes amending subdivision (b) of rule 1.080 (Service of Pleadings and Papers) to treat service by hand delivery after 5:00 p.m. the same as service by mail. This proposal was prompted by the Third District Court of Appeal’s decision in
 
 Castillo v. Vlaminck de Castillo,
 
 771 So.2d 609 (Fla. 3d DCA 2000). In that case, the district court noted that rule 1.080, as currently worded, can produce an unfair result because it treats a pleading as timely served if it was mailed at 11:59 p.m. on the last day for service but would not treat the pleading as timely served if it was hand delivered on the same day after 5:00 p.m. We agree with the committee that just as service by mail is complete upon mailing, service by hand delivery should be deemed complete on the day delivery is accomplished by one of the methods enumerated in rule 1.080(b). However, we do not agree that service by hand delivery should be equated to service by mail, such that it triggers the
 
 *581
 
 additional time for responsive pleadings after service by mail provided under rule 1.090(e). Accordingly, we adopt a modified version of the committee’s proposed amendment as follows:
 

 (b) Service; How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy or mailing it to the attorney or the party at the last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall be complete upon: (1) handing it to the attorney or to the party, (2) leaving it at the attorney’s or party’s office with a clerk or other person in charge thereof, (3) if there is no one in charge, leaving it in a conspicuous place therein, (4) if the office is closed or the person to be served has no office, leaving it at the person’s usual place of abode with some person of his or her family above 15 years of age and informing such person of the contents, or (5) transmitting it by facsimile to the attorney’s or party’s office with a cover sheet containing the sender’s name, firm, address, telephone number, and facsimile number, and the number of pages transmitted. When service is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete. Service by delivery after 5:00 p.m. shall be deemed to-have been made on the next day-that is-not a Saturday,.Sunday, or legal holidaycom-plete on the date of the delivery.
 

 Second, in response to a request from the Florida Bar Attorney-Client Privilege Task Force, the committee proposed new rule 1.285, governing inadvertent disclosure of privileged materials. Proposed subdivision (d) of this rule, setting out factors the court may consider in resolving a dispute as to whether a privilege asserted under the rule is valid, may address an issue of substantive law that is not appropriately addressed in a rule of procedure. Thus, while we express no opinion on the substance of the committee’s proposal in this regard, we decline to adopt proposed subdivision (d) as part of new rule 1.285.
 

 The Florida Rules of Civil Procedure are hereby amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2011, at 12:01 a.m.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
 

 POLSTON, J., concurs in result.
 

 APPENDIX
 

 RULE 1.071. CONSTITUTIONAL CHALLENGE TO STATE STATUTE OR COUNTY OR MUNICIPAL CHARTER, ORDINANCE, OR FRANCHISE; NOTICE BY PARTY
 

 A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a state statute or a county or municipal charter, ordinance, or franchise must promptly
 

 (a) file a notice of constitutional question stating the question and identifying the paper that raises it; and
 

 
 *582
 
 (b)serve the notice and the pleading, written motion, or other paper drawing into question the constitutionality of a state statute or a county or municipal charter, ordinance, or franchise on the Attorney General or the state attorney of the .judicial circuit in which the action is pending, by either certified or registered mail. Service of the notice and pleading, written motion, or other paper does not require joinder of the Attorney General or the state attorney as a party to the action.
 

 Committee Notes
 

 2010 Adoption. This rule clarifies that, with respect to challenges to a state statute or municipal charter, ordinance, or franchise, service of the notice does not require joinder of the Attorney General or the state attorney as a party to the action; however, consistent with section 86.091, Florida Statutes, the Florida Attorney General or applicable state attorney has the discretion to participate and be heard on matters affecting the constitutionality of a statute. See,
 
 e.g., Mayo v. National Truck Brokers, Inc.,
 
 220 So.2d 11 (Fla.1969);
 
 State ex rel. Shevin v. Kerwin,
 
 279 So.2d 836 (Fla.1973) (Attorney General may choose to participate in appeal even though he was not required to be a party at the trial court). The rule imposes a new requirement that the party challenging the statute, charter, ordinance, or franchise file verification with the court of compliance with section 86.091, Florida Statutes. See form 1.975.
 

 RULE 1.080. SERVICE OF PLEADINGS AND PAPERS
 

 (a) [No change]
 

 (b) Service; How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy or mailing it to the attorney or the party at the last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall be complete upon: (1) handing it to the attorney or to the party, (2) leaving it at the attorney’s or party’s office with a clerk or other person in charge thereof, (3) if there is no one in charge, leaving it in a conspicuous place therein, (4) if the office is closed or the person to be served has no office, leaving it at the person’s usual place of abode with some person of his or her family above 15 years of age and informing such person of the contents, or (5) transmitting it by facsimile to the attorney’s or party’s office with a cover sheet containing the sender’s name, firm, address, telephone number, and facsimile number, and the number of pages transmitted. When service is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete. Service by delivery after 5:00 p.m. shall be deemed to have been made-on the next day that is not a Saturday, Sunday, or legal-holidaycomplete on the date of the delivery.
 

 (c) [No change]
 

 (d) Filing. All original papers shall be filed with the court either before service or immediately thereafter, unless otherwise provided for by general law or other rules. If the original of any bond or other paper is not placed in the court file, a certified copy shall be so placed by the clerk.
 

 (e)-(h) [No change]
 

 
 *583
 
 Committee Notes
 

 [No change]
 

 Court Commentary
 

 [No change]
 

 RULE 1.100. PLEADINGS AND MOTIONS
 

 (a)-(b) [No change]
 

 (c) Caption.
 

 (1) Every pleading, motion, order, judgment, or other paper shall have a caption containing the name of the court, the file number, and except for in rem proceedings, including forfeiture proceedings, the name of the first party on each side with an appropriate indication of other parties, and a designation identifying the party filing it and its nature or the nature of the order, as the case may be. In any in rem proceeding, every pleading, motion, order, judgment, or other paper shall have a caption containing the name of the court, the file number, the style “In re” (followed by the name or general description of the property), and a designation of the person or entity filing it and its nature or the nature of the order, as the case may be. In an in rem forfeiture proceeding, the style shall be “In re forfeiture of’ (followed by the name or general description of the property). All papers filed in the action shall be styled in such a manner as to indicate clearly the subject matter of the paper and the party requesting or obtaining relief.
 

 (2)-(3) [No change]
 

 (d) [No change]
 

 Committee Notes
 

 1971 Amendment. [No change]
 

 1972 Amendment. [No change]
 

 1992 Amendment. [No change]
 

 2010 Amendment. Subdivision (c) is amended to address separately the caption for in rem proceedings, including in rem forfeiture proceedings.
 

 RULE 1.285. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS
 

 (a) Assertion of Privilege as to Inadvertently Disclosed Materials. Any party, person, or entity, after inadvertent disclosure of any materials pursuant to these rules, may thereafter assert any privilege recognized by law as to those materials. This right exists without regard to whether the disclosure was made pursuant to formal demand or informal request. In order to assert the privilege, the party, person, or entity shall, within 10 days of actually discovering the inadvertent disclosure, serve written notice of the assertion of privilege on the party to whom the materials were disclosed. The notice shall specify with particularity the materials as to which the privilege is asserted, the nature of the privilege asserted, and the date on which the inadvertent disclosure was actually discovered.
 

 (b) Duty of the Party Receiving Notice of an Assertion of Privilege. A party receiving notice of an assertion of privilege under subdivision (a) shall promptly return, sequester, or destroy the materials specified in the notice, as well as any copies of the material. The party receiving the notice shall also promptly notify any other party, person, or entity to whom it has disclosed the materials of the fact that the notice has been served and of the effect of this rule. That party shall also take reasonable steps to retrieve the materials disclosed. Nothing herein affects any obligation pursuant to R. Regulating Fla. Bar 4-4.4(b).
 

 (c) Right to Challenge Assertion of Privilege. Any party receiving a notice made under subdivision (a) has the right to
 
 *584
 
 challenge the assertion of privilege. The grounds for the challenge may include, but are not limited to, the following:
 

 (1) The materials in question are not privileged.
 

 (2) The disclosing party, person, or entity lacks standing to assert the privilege.
 

 (3) The disclosing party, person, or entity has failed to serve timely notice under this rule.
 

 (4) The circumstances surrounding the production or disclosure of the materials warrant a finding that the disclosing party, person, or entity has waived its assertion that the material is protected by a privilege.
 

 Any party seeking to challenge the assertion of privilege shall do so by serving notice of its challenge on the party, person, or entity asserting the privilege. Notice of the challenge shall be served within 20 days of service of the original notice given by the disclosing party, person, or entity. The notice of the recipient’s challenge shall specify the grounds for the challenge. Failure to serve timely notice of challenge is a waiver of the right to challenge.
 

 (d) Effect of Determination that Privilege Applies. When an order is entered determining that materials are privileged or that the right to challenge the privilege has been waived, the court shall direct what shall be done with the materials and any copies so as to preserve all rights of appellate review. The recipient of the materials shall also give prompt notice of the court’s determination to any other party, person, or entity to whom it had disclosed the materials.
 

 RULE 1.310. DEPOSITIONS UPON ORAL EXAMINATION
 

 (a)[No change]
 

 (b) Notice; Method of Taking; Production at Deposition.
 

 (l)-(3) [No change]
 

 (4) Any deposition may be recorded by videotape without leave of the court or stipulation of the parties, provided the deposition is taken in accordance with this subdivision.
 

 (A) Notice. A party intending to videotape a deposition shall state in the notice that the deposition is to be videotaped and shall give the name and address of the operator. Any subpoena served on the person to be examined shall state the method or methods for recording the testimony.
 

 (B)-(E) [No change]
 

 (5) The notice to a party deponent may be accompanied by a request made in compliance with rule 1.350 for the production of documents and tangible things at the taking of the-deposition. The procedure of rule 1.350 shall apply to the request. Rule 1.351 provides the exclusive procedure for obtaining documents or things by subpoena from nonparties without deposing the custodian or other person in possession of the documents.
 

 (6)-(8) [No change]
 

 (c)-(h) [No change]
 

 Committee Notes
 

 1972 Amendment. [No ehange]
 

 1976 Amendment. [No change]
 

 1988 Amendment. [No change]
 

 1992 Amendment. [No change]
 

 1996 Amendment. [No change]
 

 2010 Amendment. Subdivision (b)(5) is amended to clarify that the procedure set forth in rule 1.351 must be followed when requesting or receiving documents or things without testimony, from nonparties pursuant to a subpoena. The amendment is intended to prevent the use of rules
 
 *585
 
 1.310 and 1.410 to request documents from nonparties pursuant to a subpoena without giving the opposing party the opportunity to object to the subpoena before it is served on the nonparty as required by rule 1.351.
 

 Court Commentary
 

 [No change]
 

 RULE 1.340. INTERROGATORIES TO PARTIES
 

 (a)Procedure for Use. Without leave of court, any party may serve upon any other party written interrogatories to be answered (1) by the party to whom the interrogatories are directed, or (2) if that party is a public or private corporation or partnership or association or governmental agency, by any officer or agent, who shall furnish the information available to that party. Interrogatories may be served on the plaintiff after commencement of the action and on any other party with or after service of the process and initial pleading upon that party. The interrogatories shall not exceed 30, including all subparts, unless the court permits a larger number on motion and notice and for good cause. If the supreme court has approved a form of interrogatories for the type of action, the initial interrogatories on a subject included therein shall be infrom the form approved by the court. A party may serve fewer than all of the approved interrogatories within a form. Other interrogatories may be added to the approved forms without leave of court, so long as the total of approved and additional interrogatories does not exceed 30. Each interrogatory shall be answered separately and fully in writing under oath unless it is objected to, in which event the grounds for objection shall be stated and signed by the attorney making it. The party to whom the interrogatories are directed shall serve the answers and any objections within 30 days after the service of the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the process and initial pleading upon that defendant. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under rule 1.380(a) on any objection to or other failure to answer an interrogatory.
 

 (b)-(e) [No change]
 

 Committee Notes
 

 [No change]
 

 Court Commentary
 

 [No change]
 

 RULE 1.351. PRODUCTION OF DOCUMENTS AND THINGS WITHOUT DEPOSITION
 

 (a) Request; Scope. A party may seek inspection and copying of any documents or things within the scope of rule 1.350(a) from a person who is not a party by issuance of a subpoena directing the production of the documents or things when the requesting party does not seek to depose the custodian or other person in possession of the documents or things. This rule provides the exclusive procedure for obtaining documents or things by subpoena from nonparties without deposing the custodian or other person in possession of the documents or things pursuant to rule 1.310.
 

 (b) [No change)
 

 (c) Subpoena. If no objection is made by a party under subdivision (b), an attorney of record in the action may issue a subpoena or the party desiring production shall deliver to the clerk for issuance a subpoena together with a certificate of counsel or pro se party that no timely objection has been received from any par
 
 *586
 
 ty, and the clerk shall issue the subpoena and deliver it to the party desiring production. Service within the state of Florida of a nonparty subpoena shall be deemed sufficient if it complies with rule 1.410(d) or if (1) service is accomplished by mail or hand delivery by a commercial delivery service, and (2) written confirmation of delivery, with the date of service and the name and signature of the person accepting the subpoena, is obtained and filed by the party seeking production. The subpoena shall be identical to the copy attached to the notice and shall specify that no testimony may be taken and shall require only production of the documents or things specified in it. The subpoena may give the recipient an option to deliver or mail legible copies of the documents or things to the party serving the subpoena. The person upon whom the subpoena is served may condition the preparation of copies on the payment in advance of the reasonable costs of preparing the copies. The subpoena shall require production only in the county of the residence of the custodian or other person in possession of the documents or things or in the county where the documents or things are located or where the custodian or person in possession usually conducts business. If the person upon whom the subpoena is served objects at any time before the production of the documents or things, the documents or things shall not be produced under this rule, and relief may be obtained pursuant to rule 1.310.
 

 (d)-(f) [No change]
 

 Committee Notes
 

 1980 Adoption. [No change]
 

 1996 Amendment. [No change]
 

 2007 Amendment. [No change]
 

 2010 Amendment. Subdivision (a) is amended to clarify that the procedure set forth in rule 1.351, not rule 1.310, shall be followed when requesting or receiving documents or things, without testimony, from nonparties pursuant to a subpoena.
 

 RULE 1.360. EXAMINATION OF PERSONS
 

 (a) Request; Scope.
 

 (1) Any party may request any other party to submit to, or to produce a person in that other party’s custody or legal control for, examination by a qualified expert when the condition which is the subject of the requested examination is in controversy.
 

 (A) When the physical condition of a party or other person under subdivision (a)(1) is in controversy, the request may be served on the plaintiff without leave of court after commencement of the action, and on any other person with or after service of the process and initial pleading on that party. The request shall specify a reasonable time, place, manner, conditions, and scope of the examination and the person or persons by whom the examination is to be made. The party to whom the request is directed shall serve a response within 30 days after service of the request, except that a defendant need not serve a response until 45 days after service of the process and initial pleading on that defendant. The court may allow a shorter or longer time. The response shall state that the examination will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated. If the examination is to be recorded or observed by others, the request or response shall also include the number of people attending, their role, and the method or methods of recording.
 

 (B)-(C) [No change]
 

 (2)-(3) [No change]
 

 (b)-(c) [No change]
 

 
 *587
 
 Committee Notes
 

 [No change]
 

 RULE 1.410. SUBPOENA
 

 (a)-(c) [No change]
 

 (d) Service. A subpoena may be served by any person authorized by law to serve process or by any other person who is not a party and who is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made as provided by law. Proof of such service shall be made by affidavit of the person making service except as applicable under rule 1.351(c) for the production of documents and things by a nonparty without deposition, if not served by an officer authorized by law to do so.
 

 (e) Subpoena for Taking Depositions.
 

 (1) Filing a notice to take a deposition as provided in rule 1.310(b) or 1.320(a) with a certificate of service on it showing service on all parties to the action constitutes an authorization for the issuance of subpoenas for the persons named or described in the notice by the clerk of the court in which the action is pending or by an attorney of record in the action. The subpoena shall state the method for recording the testimony. The subpoena may command the person to whom it is directed to produce designated books, papers, documents, or tangible things that constitute or contain evidence relating to any of the matters within the scope of the examination permitted by rule 1.280(b), but in that event the subpoena will be subject to the provisions of rule 1.280(c) and subdivision (c) of this rule. Within 10 days after its service, or on or before the time specified in the subpoena for compliance if the time is less than 10 days after service, the person to whom the subpoena is directed may serve written objection to inspection or copying of any of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. If objection has been made, the party serving the subpoena may move for an order at any time before or during the taking of the deposition upon notice to the deponent.
 

 (2) [No change]
 

 (f)-(h) [No change]
 

 Committee Notes
 

 [No change]
 

 RULE 1.420. DISMISSAL OF ACTIONS
 

 (a) Voluntary Dismissal.
 

 (1) By Parties. Except in actions in which property has been seized or is in the custody of the court, an action, a claim, or any part of an action or claim may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a non-jury case to the court for decision, or (B) by filing a stipulation of dismissal signed by all current parties who have appeared feto the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.
 

 (2) [No change]
 

 (b)-(c) [No change]
 

 (d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action, once
 
 *588
 
 the action is concluded as to the party seeking taxation of costs. When one or more other claims remain pending following dismissal of any claim under this rule, taxable costs attributable solely to the dismissed claim may be assessed and .judgment for costs in that claim entered in the action, but only when all claims are resolved at the trial court level as to the party seeking taxation of costs. If a party who has once dismissed a claim in any court of this state commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
 

 (e)-(f) [No change]
 

 Committee Notes
 

 [No change]
 

 Court Commentary
 

 [No change]
 

 RULE 1.442. PROPOSALS FOR SETTLEMENT
 

 (a)-(b) [No change]
 

 (c) Form and Content of Proposal for Settlement.
 

 (l)-(B) [No change]
 

 (4) Notwithstanding subdivision (c)(3), when a party is alleged to be solely vicariously, constructively, derivatively, or technically liable, whether by operation of law or by contract, a joint proposal made by or served on such a party need not state the apportionment or contribution as to that party. Acceptance by any party shall be without prejudice to rights of contribution or indemnity.
 

 (d)-(j) [No change]
 

 Committee Notes
 

 [No change]
 

 RULE 1.470. EXCEPTIONS UNNECESSARY; JURY INSTRUCTIONS
 

 (a) [No change]
 

 (b) Instructions to Jury. The Florida Standard Jury Instructions appearing on the court’s website at www.floridasupreme court.org/jury — instructions/instructions. shtml shall be used by the trial judges of this state in instructing the jury in civil actions to the extent that the Standard Jury Instructions are applicable, unless the trial judge determines that an applicable Standard Jury Instruction is erroneous or inadequate. If the trial judge modifies a Standard Jury Instruction or gives such other instruction as the judge determines necessary to accurately and sufficiently instruct the jury, upon timely objection to the instruction, the trial judge shall state on the record or in a separate order the legal basis for varying from the Standard Jury Instruction. Similarly, in all circumstances in which the notes accompanying the Florida Standard Jury Instructions contain a recommendation that a certain type of instruction not be given, the trial judge shall follow the recommendation unless the judge determines that the giving of such an instruction is necessary to accurately and sufficiently instruct the jury, in which event the judge shall give such instruction as the judge deems appropriate and necessary. If the trial judge does not follow such a recommendation of the Florida Standard Jury Instructions, upon timely objection to the instruction, the trial judge shall state on the record or in a separate order the legal basis of the determination that such instruction is necessary. Not later than at the close of the
 
 *589
 
 evidence, the parties shall file written requests that the court instruct the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the instructions to be given. At such conference, all objections shall be made and ruled upon and the court shall inform counsel of such instructions as it will give. No party may assign as error the giving of any instruction unless that party objects thereto at such time, or the failure to give any instruction unless that party requested the same. The court shall orally instruct the jury before or after the arguments of counsel and may provide appropriate instructions during the trial. If the instructions are given prior to final argument, the presiding judge shall give the jury final procedural instructions after final arguments are concluded and prior to deliberations. The court shall provide each juror with a written set of the instructions for his or her use in deliberations. The court shall file a copy of such instructions.
 

 (c) [No change]
 

 Committee Notes
 

 1988 Amendment. [No change]
 

 2010 Amendment. Portions of form 1.985 were modified and moved to subdivision (b) of rule 1.470 to require the court to use published standard instructions where applicable and necessary, to permit the judge to vary from the published standard jury instructions and notes only when necessary to accurately and sufficiently instruct the jury, and to require the parties to object to preserve error in variance from published standard jury instructions and notes.
 

 RULE 1.480. MOTION FOR A DIRECTED VERDICT
 

 (a)[No change]
 

 (b) Reservation of Decision on Motion. When a motion for a directed verdict>-made at the close of all of the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the return of a verdict, a party who has timely moved for a directed verdict may serve a motion to set aside the verdict and any judgment entered thereon and to enter judgment in accordance with the motion for a directed verdict. If a verdict was not returned, a party who has timely moved for a directed verdict may serve a motion for judgment in accordance with the motion for a directed verdict within 10 days after discharge of the jury.
 

 (c) [No change]
 

 Committee Notes
 

 1996 Amendment. [No change]
 

 2010 Amendment. Subdivision (b) is amended to conform to 2006 changes to Federal Rule of Civil Procedure 50(b) eliminating the requirement for renewing at the close of all the evidence a motion for directed verdict already made at the close of an adverse party’s evidence.
 

 RULE 1.510. SUMMARY JUDGMENT
 

 (a)-(b) [No change]
 

 (c) Motion and Proceedings Thereon. The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence (“summary judgment evidence”) on which the movant relies. The movant shall serve the motion at least 20 days before the time fixed for the hearing, and shall also serve at that time cepiesa copy of any summary judgment evidence on which the movant
 
 *590
 
 relies that has not already been filed with the court. The adverse party shall identify, by notice mailed to the movant’s attorney at least 5 days prior to the day of the hearing, or delivered no later than 5:00 p.m. 2 business days prior to the day of the hearing, any summary judgment evidence on which the adverse party relies. To the extent suehthat summary judgment evidence has not already been filed with the court, the adverse party shall serve eepiesa copy on the movant by mailing themmail at least 5 days prior to the day of the hearing, or by delivering-themdeliv-ery to the movant’s attorney no later than 5:00 p.m. 2 business days prior to the day of hearing. The judgment sought shall be rendered forthwith if the pleadingSj-depo-sitions, answers-tQ-interrogatories--and-ad-missions, 'affidavits, and other materials as would-be admissible in and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
 

 (d)-(g) [No change]
 

 Committee Notes
 

 [No change]
 

 RULE 1.525. MOTIONS FOR COSTS AND ATTORNEYS’ FEES
 

 Any party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal, which judgment or notice concludes the action as to that party.
 

 Committee Notes
 

 [No change]
 

 Court Commentary
 

 [No change]
 

 FORM 1.901. CAPTION
 

 (a)General Form.
 

 (name of court)
 

 A. B„ )
 

 Plaintiff, )
 

 )
 

 -vs- ) No.
 

 )
 

 C. D„ )
 

 Defendant )
 

 (designation of pleading)
 

 (b) Petition.
 

 (name of court)
 

 In re the Petition )
 

 of A.B. for (type of ) No.
 

 relief) )
 

 PETITION FOR (type of relief)
 

 (c) In rem proceedings.
 

 (name of court)
 

 In re (name or general))
 

 description of property) ) No.
 

 (designation of pleading)
 

 (d)Forfeiture proceedings.
 

 (name of court)
 

 In re (name or general))
 

 description of property) ) No.
 

 (designation of pleading)
 

 Committee Notes
 

 1980 Amendment. Subdivision (b) is added to show the form of caption for a petition.
 

 2010 Amendment. Subdivisions (c) and (d) are added to show the form of caption for in rem proceedings, including in rem forfeiture proceedings.
 

 
 *591
 
 FORM 1.923. EVICTION SUMMONS/ RESIDENTIAL
 

 EVICTION SUMMONS/RESIDENTIAL
 

 TO: .
 

 Defendant(s)
 

 [[Image here]]
 

 [[Image here]]
 

 PLEASE READ CAREFULLY
 

 You are being sued by . to require you to move out of the place where you are living for the reasons given in the attached complaint.
 

 You are entitled to a trial to determine whether you can be required to move, but you MUST do ALL of the things listed below. You must do them within 5 days (not including Saturday, Sunday, or any legal holiday) after the date these papers were given to you or to a person who lives with you or were posted at your home.
 

 THE THINGS YOU MUST DO ARE AS FOLLOWS:
 

 (1)Write down the reason(s) why you think you should not be forced to move. The written reason(s) must be given to the clerk of the court at .County Courthouse
 

 [[Image here]]
 

 ., Florida
 

 (2)Mail or give a copy of your written reason(s) to:
 

 [[Image here]]
 

 Plaintiff/Plaintiffs Attorney
 

 [[Image here]]
 

 [[Image here]]
 

 Address
 

 (3)Pay to the clerk of the court the amount of rent that the attached complaint claims to be due and any rent that becomes due until the lawsuit is over. If you believe that the amount claimed in the complaint is incorrect, you should file with the clerk of the court a motion to have the court determine the amount to be paid. If you file a motion, you must attach to the motion any documents supporting your position and mail or give a copy of the motion to the plaintiff/plaintiffs attorney.
 

 (4)If you file a motion to have the court determine the amount of rent to be paid to the clerk of the court, you must immediately contact the office of the judge to whom the case is assigned to schedule a hearing to decide what amount should be paid to the clerk of the court while the lawsuit is pending.
 

 IF YOU DO NOT DO ALL OF THE THINGS SPECIFIED ABOVE WITHIN 5 WORKING DAYS AFTER THE DATE THAT THESE PAPERS WERE GIVEN TO YOU OR TO A PERSON WHO LIVES WITH YOU OR WERE POSTED AT YOUR HOME, YOU MAY BE EVICTED WITHOUT A HEARING OR FURTHER NOTICE
 

 (5)If the attached complaint also contains a claim for money damages (such as unpaid rent), you must respond to that claim separately. You must write down the reasons why you believe that you do not owe the money claimed. The written reasons must be given to the clerk of the court at the address specified in paragraph (1) above, and you must mail or give a copy of your written reasons to the plaintiff/plaintiffs attorney at the address specified in paragraph (2) above. This must be done within 20 days after the date these papers were given to you or to a person home. This obligation is separate from the requirement of answering the claim for
 
 *592
 
 eviction within 5 working days after these papers were given to you or to a person who lives with you or were posted at your home.
 

 THE STATE OF FLORIDA:
 

 To Each Sheriff of the State: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.
 

 DATED on.
 

 Clerk of the County Court
 

 By-
 

 As Deputy Clerk
 

 NOTIFICACION DE DESALOJO/RESIDENCIAL
 

 A: .
 

 Demandado(s)
 

 [[Image here]]
 

 [[Image here]]
 

 SIRVASE LEER CON CUIDADO
 

 Usted esta siendo demandado por . para exigirle que desaloje el lugar donde reside por los moti-vos que se expresan en la demanda adjun-ta.
 

 Usted tiene derecho a ser sometido a juicio para determinar si se le puede exigir que se mude, pero ES NECESARIO que haga TODO lo que se le pide a continua-ción en un plazo de 5 dias (no incluidos los sábados, domingos, ni dias feriados) a par-tir de la fecha en que estos documentos se le entregaron a usted o a una persona que vive con usted, o se colocaron en su casa.
 

 USTED DEBERA HACER LO SI-GUIENTE:
 

 (1)Escribir el (los) motivo(s) por el (los) cual(es) cree que no se le debe obligar a mudarse. El (Los) motivo(s) debera(n) en-tregarse por escrito al secretario del tribunal en el . County Courthouse
 

 [[Image here]]
 

 ., Florida
 

 (2)Enviar por correo o darle su(s) moti-vo(s) por escrito a:
 

 [[Image here]]
 

 Demandante/Abogado del Demandante
 

 [[Image here]]
 

 [[Image here]]
 

 Dirección
 

 (3) Pagarle al secretario del tribunal el monto del alquiler que la demanda adjunta reclama como adeudado, asi como cualquier alquiler pagadero hasta que concluya el litigio. Si usted considera que el monto reclamado en la demanda es incorrecto, deberá presentarle al secretario del tribunal una mocion para que el tribunal determine el monto que deba pagarse. Si usted presenta una mocion, deberá adjuntarle a esta cualesquiera documentos que respal-den su posición, y enviar por correo o entregar una copia de la misma al deman-dante/abogado del demandante.
 

 (4) Si usted presenta una mocion para que el tribunal determine el monto del alquiler que deba pagarse al secretario del tribunal, deberá comunicarse de inmediato con la oficina del juez al que se le haya asignado el caso para que programe una audiencia con el fin de determinar el mon-to que deba pagarse al secretario del tribunal mientras el litigio este pendiente.
 

 SI USTED NO LLEVA A CABO LAS ACCIONES QUE SE ESPECIFICAN ANTERIORMENTE EN UN PLAZO DE 5 DIAS LABORABLES A PARTIR DE LA FECHA EN QUE ESTOS DOCU-MENTOS SE LE ENTREGARON A USTED O A UNA PERSONA QUE VIVE CON USTED, O SE COLOQUEN EN SU CASA, SE LE PODRA DESALO-
 
 *593
 
 JAR SIN NECESIDAD DE CELEBRAR UNA AUDIENCIA NI CURSARSELE OTRO AVISO
 

 (5) Si la demanda adjunta también in-cluye una reclamación por danos y perjuic-ios pecunarios (tales como el incumpli-miento de pago del alquiler), usted deberá responder a dicha reclamación por separa-do. Deberá exponer por escrito los moti-vos por los cuales considera que usted no debe la suma reclamada, y entregarlos al secretario del tribunal en la dirección que se especifica en el párrafo (1) anterior, asi como enviar por correo o entregar una copia de los mismos al demandante/aboga-do del demandante en la dirección que se especifica en el párrafo (2) anterior. Esto deberá llevarse a cabo en un plazo de 20 dias a partir de la fecha en que estos documentos se le entregaron a usted o a una persona que vive con usted, o se-colo-quen--en.su casa. Esta obligación es aparte del requisito de responder a la de-manda de desalojo en un plazo de 5 dias a partir de la fecha en que estos documentos se le entregaron a usted o a una persona que vive con usted, o se coloquen en su casa.
 

 CITATION
 

 D’EVICTION/RESIDENTIELLE
 

 A: .
 

 Defendeur(s)
 

 A: .
 

 A: .
 

 LISEZ ATTENTIVEMENT
 

 Vous etes poursuivi par . pour exiger que vous evacuez les lieux de votre residence pour les raisons enumerees dans la plainte ci-dessous.
 

 Vous avez droit a un proces pour determiner si vous devez demenager, mais vous devez, au prealable, suivre les instructions enumerees ci-dessous, pendant les 5 jours (non compris le samedi, le dimanche, ou un jour ferie) a partir de la date ou ces documents ont ete donnes a vous ou a la personae vivant avec vous, ou ont ete affíches a votre residence.
 

 LISTE DES INSTRUCTIONS A SUIVRE:
 

 (1)Enumerer par ecrit les raisons pour lesquelles vous pensez ne pas avoir a de-menager. Elies doivent etre remises au clerc du tribunal a. County Courthouse
 

 [[Image here]]
 

 ., Florida
 

 (2)Envoyer ou donner une copie au:
 

 [[Image here]]
 

 Plaignant/Avocat du Plaignant
 

 [[Image here]]
 

 [[Image here]]
 

 Adresse
 

 (3) Payer au clerc du tribunal le mon-tant des loyers dus comme etabli dans la plainte et le montant des loyers dus jus-qu’a la fin du proces. Si vous pensez que le montant etabli dans la plainte est incorrect, vous devez presenter au clerc du tribunal une demande en justice pour determiner la somme a payer. Pour cela vous devez attaeher a la demande tous les documents soutenant votre position et faire parvenir une copie de la demande au plaig-nant/avocat du plaignant.
 

 (4) Si vous faites une demande en justice pour determiner la somme a payer au clerc du tribunal, vous devrez immediatement prevenir le bureau de juge qui pre-sidera au proces pour fixer la date de l’audience qui decidera quelle somme doit etre payee au clerc du tribunal pendant que le proces est en cours.
 

 
 *594
 
 SI VOUS NE SUIVEZ PAS CES INSTRUCTIONS A LA LETTRE DANS LES 5 JOURS QUE SUIVENT LA DATE OU CES DOCUMENTS ONT ETE REMIS A VOUS OU A LA PER-SONNE HABITANT AVEC VOUS, OU ONT ETE AFFICHES A VOTRE RESIDENCE, VOUS POUVEZ ETRE EX-PULSES SANS AUDIENCE OU SANS AVIS PREALABLE
 

 (5) Si la plainte ci-dessus contient une demande pour dommages pecuniaires, tels des loyers ameres, vous devez y repondré separement. Vous devez enumerer par ecrit les raisons pour lesquelles vous esti-mez ne pas devoir le montant demande. Ces raisons ecrites doivent etre donnees au clerc du tribunal a l’adresse specifiee dans le paragraphe (1) et une copie de ces raisons donnee ou envoyee au plaig-nant/avoeat du plaignant a l’adresse speci-fiee dans le paragraphe (2). Cela doit etre fait dans les 20 jours suivant la date ou ces documents ont ete presentes a vous ou a la personne habitant avec vous, ou affiches a votre residence. Cette obligation ne fait pas partie des instructions a suivre en reponse au proces d’eviction dans Ies 5 jours suivant la date ou ces documents ont ete presentes a vous ou a la personne habitant avec vous, ou affiches a votre residence.
 

 Committee Notes
 

 1988 Adoption. This form was added to inform those sought to be evicted of the procedure they must follow to resist eviction.
 

 1996 Amendment. This is a substantial revision of form 1.923 to comply with the requirements of section 83.60, Florida Statutes, as amended in 1993.
 

 FORM 1.975. NOTICE OF COMPLIANCE WHEN CONSTITUTIONAL CHALLENGE IS BROUGHT
 

 NOTICE OF COMPLIANCE WITH SECTION 86.091, FLORIDA STATUTES
 

 The undersigned hereby gives notice of compliance with Fla. R. Civ. P. 1.071, with respect to the constitutional challenge brought pursuant to.(Florida statute, charter, ordinance, or franchise challenged). The undersigned complied by serving the.(Attorney General for the state of Florida or State Attorney for the.Judicial Circuit).with a copy of the pleading or motion challenging .(Florida statute, charter, ordinance, or franchise challenged)., by .(certified or registered mail).on .(date).
 

 Attorney for.
 

 Florida Bar No.
 

 Address.
 

 Telephone No.
 

 Committee Notes
 

 2010 Adoption. This form is to be used to provide notice of a constitutional challenge as required by section 86.091, Florida Statutes. See rule 1,071. This form is to be used when the Attorney General or the State Attorney is not a named party to the action, but must be served solely in order to comply with the notice requirements set forth in section 86.091.
 

 FORM 1.985= — STANDARD JURY — INSTRUCTIONS
 

 The forms of-FIoi-ida Standard Jury-Instructions published-by The Florida-Ba-r pursuanbto authority of the supreme court may be used-by-the-trial judges-of — ⅛⅛ state in charging-the-j-ury in civil actions to the extent that-fhe-ferms are applicable, unless the trial-judge-determines-that-an
 
 *595
 
 applicaMe-fom-of-instruction is erroneous or inadequate. — ⅛—that-event the trial judge-shall-modify the form or-give such other insinuation-as the judge -determines necessary to accurately and sufficiently instruct the jury in-the circumstanees-of-the action- — I-n-that-event the trial -judge-shall state-on the record-or-in-a-separate order the manner in which the judge-finds-the standard-form erroneous or -inadequate and the legal basis of that finding- — Similarly^-in all circumstances in^wfaieh — the notes-accompanying the Florida Standard Jury-Iastr-uctions contain a recommendation that a certain-type of instruction not be given,- the triab-judge-may follow the recommendation unless the judge-determines that the giving of such -an-instruction is necessary to accurately-and-sufficiently-instruct the — jury, in whieh-event the judge shall give-such instruetien-as-the judge-deems appropriate and -necessary. In that, event the trial judge shall-state on the reeo-rd-or-on a separate order the legal basis ■ of the determination that-such instruction is necessary.
 

 FORM 1.986. VERDICTS
 

 In all civil actions tried to a jury, the parties should refer to the model verdict forms contained in the Florida Standard Jury Instructions in Civil Cases, as applicable.
 

 (a)-For P1 ai n tiffc-D am ages.
 

 VERDICT
 

 WE,-the jury, find--for plaintiff-and-assess h-igdiei-damages at $.. .■..
 

 DATED on.
 

 as Foreperson
 

 (b)-For Defendant; -General Form,
 

 VERDICT
 

 WE, the jury-find for defendant.
 

 DATED on-.,.
 

 as-Forepersen