LOGUE, J.
During the presentation of the first witness in this foreclosure action, the trial judge dismissed the case on her own initiative, based apparently on her conclusion that the bank would be unable to prove all of the facts necessary to support its claim. We find that this dismissal was premature in the facts of this case. Accordingly, we reverse.
Deutsche Bank National Trust Company, as trustee, brought a foreclosure suit against Janice Santiago and Rafael Segar-ra. The case proceeded to a bench trial. The bank’s first witness was Minerva Flowers, an employee of American Home Mortgage Servicing, Inc., which serviced the loan. Through Flowers’s testimony, the bank introduced the mortgage and note into evidence. As Flowers began to testify about the acceleration letter, however, the case took an unusual turn. Over *1147 the borrowers’ objection, the trial court provisionally admitted the acceleration letter into evidence. But before the bank finished its direct examination of Flowers, the trial court permitted the borrowers to “voir-dire” or cross-examine Flowers about the letter. After the borrowers’ counsel asked some questions, the trial court also interrogated Flowers. The trial court then excluded the acceleration letter from evidence. Without a motion being made by the defendant, the trial court immediately dismissed the case. A written order of dismissal with prejudice was entered the same day. The bank timely appealed.
In these facts, the trial court erred when it ordered an involuntary dismissal of the foreclosure action before the bank had rested its case. The governing rule of civil procedure provides for an involuntary dismissal for lack of evidence only “[ajfter a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence.” Fla. R. Civ. P. 1.420(b) (2012). Simply put, “it is error to direct a verdict before a plaintiff has completed presentation of his evidence.” Sheldon Greene & Assocs. v. Williams Island Assocs., 550 So.2d 1142, 1143 (Fla. 3d DCA 1989). This Court has held that “[t]he same concept applies to an involuntary dismissal.” A.N. v. M.F.-A, 946 So.2d 58, 60 (Fla. 3d DCA 2006) (“By denying appellants the opportunity to complete their case-in-chief, the trial court denied appellants their due process.”); see also SJS Enters. v. Cates, 547 So.2d 226, 227 (Fla. 4th DCA 1989) (holding that the trial court could not “jump the gun” by granting a motion for an involuntary dismissal while the plaintiff was on its first witness).
Reversed and remanded for a new trial.