DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**WILLIAM C. SAMPLE,**
Appellant,

v.

**WELLS FARGO BANK, N.A.,**
Appellee.

No. 4D13-2883

[November 12, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Judge; L.T. Case No. 502008CA030895XX.

Ronnie D. Dykes of Ronnie D. Dykes, P.A., Boca Raton, for appellant.

Amanda Renee Murphy of Butler & Hosch, P.A., Orlando, for appellee.

MAY, J.

A borrower appeals a final summary judgment of foreclosure. He argues the trial court erred in entering summary judgment because the bank failed to overcome his fourteen affirmative defenses. While we disagree with him about thirteen of them, we do agree that one of the affirmative defenses precluded the entry of summary judgment. We therefore reverse and remand.

The borrower and Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Countrywide Bank, N.A. ("MERS"), executed a mortgage and note. When the borrower failed to pay his monthly payment, MERS sent a notice of default to the borrower.

Several months later, MERS executed an assignment of mortgage in favor of the bank. The bank filed a complaint seeking to foreclose the mortgage, reestablish the lost note, reform the mortgage, and for damages on the promissory note. The bank voluntarily dismissed the lost note count and filed the original note, mortgage, and assignment of mortgage. The borrower propounded a request for production; the bank moved for a

protective order.

More than three years later, the bank moved for summary judgment. In support of its motion, the bank filed the payment history, affidavit of costs, and affidavit of indebtedness. The borrower then filed an answer and asserted fourteen affirmative defenses. The bank moved to strike the affirmative defenses and in the alternative replied to them. The borrower filed an opposition to summary judgment, a motion for continuance and mediation, and a motion to compel better responses to his request for production.

The trial court heard the bank's motion and entered a final summary judgment for the bank. The final judgment contained the legal description requested in the reformation count of the complaint. The trial court did not rule on the borrower's affirmative defenses, the bank's motion for protective order, or the borrower's motion to compel better responses. The borrower moved for rehearing or to set aside the order, which was denied. The borrower now appeals.

The borrower argues error in the entry of final summary judgment because of his asserted affirmative defenses and pending discovery. The bank responds that the affirmative defenses lacked the requisite specificity to be legally sufficient and were refuted. The bank also asserts that having met its burden to provide competent evidence in support of its complaint, the borrower failed to show the existence of a genuine issue of material fact.

We have de novo review. *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 172 (Fla. 4th DCA 2012).

"When a party raises affirmative defenses, . . . 'summary judgment should not be granted where'" the affirmative defenses are not refuted. *Alejandre v. Deutsche Bank Trust Co. Ams.*, 44 So. 3d 1288, 1289 (Fla. 4th DCA 2010) (quoting *Cufferi v. Royal Palm Dev. Co.*, 516 So. 2d 983, 984 (Fla. 4th DCA 1987)). "[T]he plaintiff must either factually refute the alleged affirmative defenses or establish that they are legally insufficient to defeat summary judgment." *Knight Energy Servs., Inc. v. Amoco Oil Co.*, 660 So. 2d 786, 788 (Fla. 4th DCA 1995) (citing *Cufferi*, 516 So. 2d at 984).

In his fourteenth affirmative defense, the borrower asserted that the mortgage attached to the complaint did not contain the legal description of his property, prohibiting the bank from foreclosing on it. The bank pled a count for reformation of the mortgage, but the motion for summary judgment did not request reformation of the mortgage. And, the record,

2

including the bank's affidavits, failed to either prove reformation of the mortgage or refute the borrower's affirmative defense.

The bank admitted the mortgage did not include an accurate legal description, and alleged the inaccurate legal description was a mutual mistake. The bank now asserts that its motion for summary judgment asserted the lack of any genuine issue of material fact and was sufficient to reform the mortgage. However, the borrower denied the bank's allegation of a mutual mistake and asserted the incorrect legal description as his fourteenth affirmative defense.

The fourteenth affirmative defense was clear and specific. Although one of the bank's affidavits attested that the complaint's allegations were true and correct, the affiant did not, and could not, attest that the incorrect legal description was a mutual mistake. That is because one person cannot attest to another person's knowledge. *See West Edge II v. Kunderas*, 910 So. 2d 953, 954 (Fla. 2d DCA 2005). In short, a genuine issue of material fact existed, precluding summary judgment.

"A court of equity has the power to reform a written instrument where, due to a mutual mistake, the instrument as drawn does not accurately express the true intention or agreement of the parties to the instrument." *Providence Square Ass'n, Inc. v. Biancardi*, 507 So. 2d 1366, 1369 (Fla. 1987) (citations omitted). "This principle . . . can be applied to correct an erroneous land description in order to protect a person's rights in real property." *Id.* (citations omitted). This does not however eliminate the requirement that the motion for summary judgment state with particularity the grounds upon which it is based. *Gee v. U.S. Bank Nat'l Ass'n*, 72 So. 3d 211, 214 (Fla. 5th DCA 2011) (quoting Fla. R. Civ. P. 1.510(c)).

In *Willis v. Bank of New York Mellon*, 115 So. 3d 1075 (Fla. 4th DCA 2013), we addressed a similar issue. The trial court granted reformation of a mortgage to include a correct legal description as part of a summary judgment of foreclosure. *Id.* at 1075. "The appellee [b]ank's motion for summary judgment and accompanying notice, however, did not raise the issue of reformation as an issue to be addressed at the summary judgment hearing. Because of the lack of notice, the court erred in reforming the mortgage to add a legal description." *Id.* (citation omitted).

Here, the bank's motion for summary judgment was likewise insufficient to put the borrower on notice of the bank's intention to reform the mortgage. Because the motion failed to provide notice to the borrower, and because the bank failed to prove reformation or refute the affirmative

defense of an incorrect legal description, the trial court erred in entering final summary judgment.

We therefore reverse the final summary judgment of foreclosure and remand the case for further proceedings. We find no merit in the other issues raised.

*Reversed and Remanded.*

STEVENSON and KLINGENSMITH, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

4