TORPY, C.J.
Our resolution of this case involves the interpretation of the “two-dismissal rule,” a component of Florida Rule of Civil Procedure 1.420(a)(1), which addresses “voluntary” dismissals. The precise issue that we address is whether a notice of voluntary dismissal operates as an adjudication on the merits when it is preceded by an “agreed order” granting a defense motion to dismiss the case with leave to amend. Concluding that it does not, we reverse.
In response to a motion to dismiss Appellant’s complaint for failure to state a cause of action, the parties submitted an “agreed order” to the trial judge, granting the motion and providing leave to amend the complaint within thirty days. Appellant failed to file an amended complaint until almost seven months after the order was entered. In response, Appel-lee, Cypress Madison Ownership Company, challenged the untimely amendment by seeking and obtaining an order directing Appellant to show cause why the amended complaint should not be stricken, or dismissed. Prior to the scheduled hearing, however, Appellant voluntarily dismissed the action. Thereafter, it filed a new action, substantively identical to the original action. Appellee moved to dismiss the new action contending that Appellant’s voluntary dismissal of the original action operated as an adjudication on the merits under the two-dismissal *731 rule. The trial court granted the motion, culminating in this appeal.
Since January 1, 2011, Florida Rule of Civil Procedure 1.420(a)(1) has provided:
Except in actions in which property has been seized or is in the custody of the court, an action, a claim, or any part of an action or claim may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury ease to the court for decision, or (B) by filing a stipulation of dismissal signed by all current parties to the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.
(emphasis added). See In re Amends, to the Fla. Rules of Civil Procedure, 52 So.3d 579 (Fla.2010).
The emphasized portion is known as the “two-dismissal rule.” This rule must be strictly construed, as it is in derogation of a previously existing right. Cases interpreting Federal Rule of Civil Procedure 41, the federal counterpart to rule 1.420, are useful in interpreting rule 1.420. See Allie v. Ionata, 503 So.2d 1237, 1242 (Fla.1987) (noting that rule 1.420(b) is Florida’s counterpart to Federal Rule 41(b)). Consistent with federal case law, we conclude that the voluntary dismissal here did not trigger the rule because it was not preceded by a voluntary dismissal by the plaintiff. Rather, the first dismissal was by court order based upon a motion filed by Appellee, the defendant below. See ASX Inv. Corp. v. Newton, 183 F.3d 1265, 1267 (11th Cir.1999) (stating that two-dismissal rule is not implicated where first dismissal is by court order). The fact that the order of dismissal was an “agreed” order does not alter our conclusion. The record here reflects nothing more than a concession by Appellant that Appellee’s motion was well-taken, which is hardly tantamount to a voluntary dismissal by the plaintiff. See Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery, 534 F.2d 1012, 1017 (2d Cir.1976) (stating that notice of voluntary dismissal preceded by stipulated dismissal does not operate as adjudication on merits under two-dismissal rule). Although the strategic use of a voluntary dismissal might result in undue burden to a defendant in circumstances such as this, the rule establishes a penalty to curb abusive use of the voluntary dismissal mechanism, but only after the second “voluntary dismissal.”
REVERSED AND REMANDED.
PALMER, J. and JACOBUS, B.W., Senior Judge, concur.