# Third District Court of Appeal

## State of Florida

Opinion filed June 24, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1681
Lower Tribunal No. 09-85340
_____

## Maysville, Inc.,
Appellant/Cross-Appellee,

vs.

## The Whiting-Turner Contracting Company,
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Pardo Gainsburg, P.L., and Jeffrey J. Pardo, for appellant/cross-appellee.

Broad and Cassel, and Michael K. Wilson and George W. ("Trey") Tate III (Orlando), and Beverly A. Pohl (Fort Lauderdale), for appellee/cross-appellant.

Before WELLS, EMAS, and LOGUE, JJ.

LOGUE, J.

In this condominium project dispute between Maysville, Inc. ("Developer") and The Whiting-Turner Contracting Company ("General Contractor"), the Developer filed a two-count complaint against the General Contractor and the General Contractor filed several counterclaims. The trial court entered judgment against the Developer on both of its claims. We affirm those rulings without discussion.

We reverse, however, the involuntary dismissal of the counterclaims. Without a motion being made by the Developer, the trial court involuntary dismissed the counterclaims before the General Contractor had an opportunity to complete the presentation of its evidence. As the Developer commendably concedes, the trial court erred. Fla. R. Civ. P. 1.420(b) (2014) (providing for an involuntary dismissal for lack of evidence only "[a]fter a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence"); Deutsche Bank Nat. Trust Co. v. Santiago, 117 So. 3d 1146, 1147 (Fla. 3d DCA 2013) ("Simply put, it is error to direct a verdict before a plaintiff has completed presentation of his evidence. . . . [T]he same concept applies to an involuntary dismissal.") (internal citation and quotations omitted).

Affirmed in part; reversed in part; remanded for further proceedings consistent with this opinion.