DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BANK OF AMERICA, N.A.,**
Appellant,

v.

**EDWARD LUKAS** a/k/a **EDWARD J. LUCAS,**
Appellee.

No. 4D14-933

[June 24, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Kathleen Ireland, Judge; L.T. Case No. 09-68527 (11).

Nancy M. Wallace, Michael J. Larson of Akerman LLP, Tallahassee, William P. Heller of Akerman LLP, Fort Lauderdale, and Celia C. Falzone of Akerman LLP, Jacksonville, for appellant.

Bruce K. Herman of The Herman Law Group, P.A., Fort Lauderdale, for appellee.

DAMOORGIAN, C.J.

Bank of America, N.A. ("BANA"), appeals the denial of its motion to vacate the trial court's dismissal of BANA's foreclosure action against Edward Lukas a/k/a/ Edward J. Lucas ("Lukas") with prejudice. We reverse.

In December of 2009, BANA filed a two count complaint against Lukas, alleging one count for mortgage foreclosure and one count for reestablishment of a lost note.[1] As an attachment to its complaint, BANA filed a copy of the note and mortgage, which identified Countrywide Bank, FSB as the original lender. The copy of the note attached to the complaint contained no endorsements. BANA later voluntarily dismissed its reestablishment of a lost note count and filed the original note and mortgage with the court. Unlike the note attached to the complaint, the

---

[1]  The complaint was initially filed by BAC Home Loan Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. ("BAC").  Prior to trial, BAC merged with BANA, and BANA was substituted as the true party at interest.

original note contained an undated, blank endorsement from Countrywide Bank, FSB.

The case proceeded to a bench trial. After BANA rested, Lukas moved for involuntary dismissal under Florida Rule of Civil Procedure 1.420(b), arguing that because BANA failed to properly amend its complaint to include the original note, the filing of the original note with the court constituted an improper amendment to the complaint in violation of Florida Rule of Civil Procedure 1.190. As such, Lukas maintained that the original note was not part of BANA's pleadings and accordingly not properly before the court. BANA countered that it was not required to amend its complaint to include the original note because it voluntarily withdrew its reestablishment of the lost note count prior to trial. Therefore, BANA maintained that it was only traveling under the foreclosure count of its complaint.

The trial court ultimately granted Lukas' motion and entered an order dismissing BANA's foreclosure action with prejudice. The order provided that: "notice of filing without communicating that filing does not cure prior filing and does not put that document before [sic] court. Therefore plaintiff failing to show it was entitled to foreclose as a matter of law the court dismisses this action." This ruling misapplies the rules of civil procedure.

Florida Rule of Civil Procedure 1.190 addresses amendments to pleadings and provides in pertinent part:

> **(a) Amendments**. A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend it at any time within 20 days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party. . . .

> **(b) Amendments to Conform with the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, *but failure so to amend shall not affect the*

2

*result of the trial of these issues.*

Fla. R. Civ. P. 1.190(a)-(b) (emphasis added); *see also Feltus v. U.S. Bank Nat'l Ass'n,* 80 So. 3d 375, 376 (Fla. 2d DCA 2012) ("A pleading filed in violation of rule 1.190(a) is a nullity, and the controversy should be determined based on the properly filed pleadings.").

Here, BANA properly dismissed its count for reestablishment of a lost note prior to trial. *See* Fla. R. Civ. P. 1.420(a)(1) (a party may voluntarily dismiss any part of an action *or* claim before trial).[2]  Therefore, by the time the case proceeded to trial, BANA was only operating under its foreclosure count.  As such, BANA was not required to amend its complaint in order to properly place the original note before the court. *See Murray v. HSBC Bank USA*, 157 So. 3d 355, 356 (Fla. 4th DCA 2015); *Sample v. Wells Fargo Bank, N.A.*, 150 So. 3d 1191, 1192 (Fla. 4th DCA 2014); *see also* Fla. R. Civ. P. 1.190(b) (a party may amend a pleading to conform to the evidence, "*but failure so to amend shall not affect the result of the trial on these issues*").  Nor did BANA's act of filing the original note with the court serve to improperly amend the complaint.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

TAYLOR and MAY, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

---

[2]  As of January 1, 2011, Rule 1.420(a)(1) allows a party to voluntarily dismiss, not only an action, but "a claim, or any part of an action or claim." *In re Amendments to the Fla. Rules of Civil Procedure*, 52 So. 3d 579, 587 (Fla. 2010).  Therefore, BANA's voluntary dismissal of the lost note count in August of 2013 was proper. *Id.*