LAMBERT, J.
Wells Fargo Bank, N.A. (“Bank”), appeals the final order dismissing its foreclosure action against Denise Trice (“Appel-lee”) and the denial of its motion for new trial. Concluding that the trial court erred in sua sponte dismissing the action before Bank had rested its case, we reverse.
In May 2009, Bank filed a two-count complaint against Appellee, with count I alleging a cause of action for mortgage foreclosure and count II an action to reestablish a lost note. Bank claimed that it was the holder of the note and mortgage and was otherwise entitled to enforce the note and mortgage. A copy of the mortgage, which identifies Mortgage Investors Corporation as the original lender, was attached to the complaint. A copy of the note was not attached to the complaint, but in the second count, Bank described the specific terms of the note.
In April 2010, Bank filed the original note with the court and provided a copy to Appellee. The note contained two undated endorsements. One endorsement was in blank and the other endorsement was to Bank. The terms of the note were consistent with the allegations in count II describing the lost note. Having filed the original note, Bank contemporaneously filed a notice voluntarily dismissing its count to reestablish the lost note.
More than four years later, this case proceeded to a bench trial. Bank had previously listed the promissory note as one of its trial exhibits. Bank attempted to introduce the original note into evidence at trial through its first witness. Appellee *1266 objected, primarily arguing that Bank had never moved to amend its complaint to include the specific note that Bank was now seeking to admit into evidence. Bank responded that an amendment to the complaint was not necessary because it was only pursuing the foreclosure count of its complaint. The court sustained the objection, at which point Bank requested leave to amend its complaint to attach a copy of the original note and, if necessary, to continue the trial. The court denied leave to amend and sua sponte dismissed'the case prior to Bank completing the presentation of its case.
“The governing rule of civil procedure provides for an involuntary dismissal for lack of evidence only ‘[ajfter a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence.’ ” Deutsche Bank Nat’l Trust Co. v. Santiago, 117 So.3d 1146, 1147 (Fla. 3d DCA 2013) (quoting Fla. R. Civ. P. 1.420(b)). Herd, Bank had barely begun presenting its case before the court, after sustaining Appellee’s objection to the original note being admitted into evidence, sua sponte dismissed the case. • This was error. See SJS Enters., Inc. v. Cates, 547 So.2d 226, 227 (Fla. 4th DCA 1989) (stating a trial court cannot “jump the gun” by granting involuntary dismissal while plaintiff was presenting its first witness). It was of no relevance at that point whether Bank would have been able to prove its case. Accordingly, we reverse the final order of dismissal and remand for a new trial.[1]
REVERSED and REMANDED. ’
PALMER and ORFINGER, JJ., concur.

. We decline to address’the merits of Bank's other arguments, including whether the trial court erred in denying Bank's request during trial for leave to amend its complaint, Further, we note that our sister court has recently addressed whether an amendment to a complaint under similar circumstances is necessary. See Bank of America, N.A. v. Lukas, 166 So.3d 965, 966 (Fla. 4th DCA 2015) (holding that plaintiff who had dismissed reestablishment of lost note count prior to trial and was only operating under its foreclosure count was not required to amend complaint to properly place original note before court, nor did prior act of filing original note with court before trial serve to improperly amend ’complaint).