909 So.2d 923 (2005)
VOLKSWAGEN OF AMERICA, INC. and South Motors of Dade County, Inc. d/b/a South Motors Volkswagen, Appellants,
v.
Carl M. SUGARMAN and Andrea Marks, Appellees.
No. 3D04-1593.
District Court of Appeal of Florida, Third District.
July 20, 2005.
Rehearing Denied September 26, 2005.
Herzfeld & Rubin and Daniel V. Gsovski (New York, NY); Herzfeld & Rubin and *924 Myron Shapiro and Bradley H. Trushin (Miami), for appellants.
Juan P. Bauta, Coral Gables, for appellees.
Before FLETCHER and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
FLETCHER, Judge.
Volkswagen of America, Inc. [Volkswagen] and South Motors of Dade County, Inc. [South Motors] appeal a non-final order certifying a class action. We reverse.
Carl M. Sugarman and Andrea Marks sued Volkswagen and South Motors alleging that as a result of a design defect they suffered repeated damage to the front bumper assembly of their Volkswagen Jettas. Specifically, they contend that when a Jetta driver pulls completely into a parking space containing a wheel stop or curb, the front bumper assembly hooks onto the stop or curb, and when the driver backs the Jetta out of the parking space, the retainers holding the front bumper assembly detach causing damage ranging from $50.00 to $250.00. Plaintiffs successfully obtained an order granting their motion for class certification which defined the class as "all individuals or entities that purchased or leased a 1999, 2000, 2001 or 2002 Volkswagen Jetta in the State of Florida within the applicable limitations period and suffered damage to the front bumper assembly as a result of contact with a wheel stop or curb."
Pursuant to Florida Rule of Civil Procedure 1.220(a), before certifying a class action, a trial court must first determine that: (1) the members of the class are so numerous that separate joinder of each member is impracticable; (2) the claim of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim of each member in the class; (3) the claim of the representative party is typical of the claims of each of the other members of the class; and (4) the representative party can adequately represent the interest of each of the other members of the class. Additionally, Rule 1.220(b) requires that the common questions of law or fact predominate over the individual questions of the separate members and that the class action be manageable and superior to other available methods of fairly adjudicating the controversy. This predominance requirement is not satisfied when the claims involve factual determinations which are unique to each plaintiff. Liggett Group Inc. v. Engle, 853 So.2d 434, 445 (Fla. 3d DCA 2003). The need to litigate substantially different factual issues also indicates that a class action is not superior to individual suits. Id. at 446.
Applying this analysis to the instant case, we conclude that the trial court abused its discretion in certifying a class action because the key element of causation mandates individual inquiry into each plaintiff's claim. As to each parking accident, the trier of facts must determine specific vehicle conditions, the specific location and manner of the alleged damage, and the actions of the specific driver operating the vehicle. For example, such things as tire pressure, cargo and passenger load of the vehicle, and the condition, location and height of the wheel stop or curb alone would affect the clearance existing at the time of the alleged accident. Even though damage to the vehicle's bumper assembly was a common issue raised by all purported class members, a series of minitrials would be required to determine the causation for each class member's particular claim of loss. This would therefore defeat the purpose of the class action.
*925 Accordingly, we reverse and remand for decertification of the class.