946 So.2d 563 (2006)
Carlos SANCHEZ, Appellant,
v.
CENTURY EVERGLADES, LLC., Appellee.
No. 3D06-1153.
District Court of Appeal of Florida, Third District.
December 13, 2006.
*564 Howard J. Hollander, Miami, for appellant.
Jorge L. Piedra and Veronica A. Diaz, Coral Gables, for appellee.
Before GREEN, RAMIREZ, and LAGOA, JJ.
LAGOA, J.
Appellant Carlos Sanchez ("Sanchez") appeals from an interlocutory order following an evidentiary hearing, which order required Sanchez to transfer property to Appellee Century Everglades, LLC ("Century"). Because Sanchez, a third-party defendant below, was not provided a full and fair opportunity to present evidence, we reverse.
I. FACTUAL HISTORY.
On January 26, 2004, the Eleventh Judicial Circuit in and for Miami-Dade County entered a judgment against Alberto Hernandez ("Hernandez") on claims that he had abused his position as Century's credit manager and defrauded the company by converting its profits to his own use. Hernandez never satisfied the judgment. After more than one year, Century served Sanchez with a third-party complaint alleging that Hernandez is the owner of real property and a Rolex wrist-watch in Sanchez's possession. Sanchez filed an answer to the third-party complaint denying the allegations and asserting that he is the proper owner of both the real property and the wrist-watch.
Upon Century's motion to initiate supplementary execution proceedings, the trial court ordered Sanchez and Hernandez to appear for an evidentiary hearing to determine ownership of the property.[1] While Hernandez did not appear, Sanchez and his attorney did appear. The trial court, however, did not permit Sanchez to participate in the evidentiary hearing, as the court found that Sanchez was only a "material witness" and therefore lacked standing to present evidence. Although Century was permitted to offer evidence and to present portions of Sanchez's deposition testimony, Sanchez was not allowed to present any evidence or to cross-examine any of Century's witnesses.
After hearing Century's evidence, the trial court ruled that Sanchez acted as a straw purchaser for the real property and that the wrist-watch had been given to Sanchez in an attempt to defraud Century. Sanchez was ordered to turn over the wrist-watch, and Century was permitted to initiate proceedings to levy upon the real property.
II. STANDARD OF REVIEW.
"Determining whether a party has standing is a pure question of law to be reviewed de novo." Alachua County v. Scharps, 855 So.2d 195, 198 (Fla. 1st DCA 2003). See Payne v. City of Miami, 927 So.2d 904, 906 (Fla. 3d DCA 2005).
*565 III. ANALYSIS.
It is well-settled that a party holding a claim adverse to both plaintiff and defendant must be brought into supplementary execution proceedings as a third-party defendant and given a full and fair opportunity to be heard before any adverse order may be entered:
If during the course of proceedings supplementary to execution the rights of third parties claiming adversely both to plaintiff in execution as well as to defendant in execution appear to be involved, no rights of such third parties should be adjudged to be affected, impaired, or finally cut off by any order of court made in such proceedings supplementary to execution, unless such third parties have been first fully impleaded and brought into the case as actual parties to the proceeding, and, as such, given an opportunity to fully and fairly present their claims as parties entitled to a full and fair hearing . . ., and not as mere spectators or bystanders in the cause.
Ryan's Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. 483, 487 (1935) (emphasis in original). See, e.g., Meyer v. Faust, 83 So.2d 847, 848 (Fla. 1955); Juno By The Sea Condo Apartments, Inc. v. Juno By The Sea North Condo. Assoc., Inc., 419 So.2d 399, 400 (Fla. 4th DCA 1982); Manor Grove Land Corp. v. Salkay, 390 So.2d 121, 122 (Fla. 4th DCA 1980); Art Adver. Co., Inc. v. Associated Press, 340 So.2d 1291, 1292 (Fla. 2nd DCA 1977). Here, Sanchez was denied his due process rights by the trial court's failure to allow him to act as anything but a "spectator" at a hearing in which his property was at stake.[2]
Because a third-party defendant has an undeniable right to participate in supplementary execution proceedings, it follows that such parties must have standing to appeal an order denying that right. Accordingly, we deny Century's motion to dismiss this appeal and reverse and remand for an evidentiary hearing in which Sanchez is accorded full participatory rights.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] The trial court's order specifically refers to Sanchez as "third-party defendant."
[2] Century's argument that Sanchez never filed an affidavit with the county sheriff, pursuant to sections 56.16-56.20, Florida Statutes (2005), asserting that the property belongs to him is without merit. Those sections relate to third party claims after property has been levied upon. See Section 56.16, Florida Statutes (2005). Here, Sanchez properly asserted his third-party rights in proceedings supplementary, prior to any levy on the property.