KELLY, Judge.
American Home Mortgage Servicing, Inc. (AHMSI),[1] appeals a final order dismissing its foreclosure action against Lucy Bednarek for lack of standing. Because we conclude the trial judge erred in finding that AHMSI did not establish its standing to foreclose on the mortgage when it filed the complaint, we reverse.
On May 31, 2005, Ms. Bednarek executed a note and mortgage in favor of Ameri *1223 can Brokers Conduit for the purchase of real property. Thereafter, the loan was sold to Deutsche Bank. On March BO, 2006, American Brokers Conduit assigned the mortgage to the bank’s servicing agent, AHMSI-Maryland. In September 2007, AHMSI-Maryland filed a complaint for foreclosure, alleging it was the owner and holder of the underlying promissory note. With the complaint and the amended complaint, AHMSI-Maryland filed copies of the mortgage, the promissory note showing a blank endorsement, and the 2006 assignment of mortgage. In April 2008, AHMSI purchased AHMSI-Mary-land, acquiring the company’s servicing rights. In 2009, AHMSI filed the original note and mortgage with the trial court.
At the nonjury trial, AHMSI introduced the original note and mortgage into evidence. AHMSI also presented the testimony of its foreclosure special assets specialist, Krystal Kearse, who traced the history of the loan from its inception in 2005 when the loan was being serviced by its predecessor, AHMSI-Maryland, until AHMSI received the documents to proceed with foreclosure proceedings. Ms. Kearse testified that in purchasing AHM-SI-Maryland, AHMSI acquired the servicing rights to all of AHMSI-Maryland’s loans.
At the close of testimony, counsel for Ms. Bednarek made an oral motion to involuntarily dismiss the action, arguing AHMSI had no standing to foreclose because it was not the original plaintiff and not the owner and holder of the note. Relying on McLean v. JP Morgan Chase Bank National Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012), the trial court granted the motion on the ground AHMSI had failed to prove it was the owner of the note and mortgage.
A party seeking foreclosure must establish that it had standing to foreclose at the time it filed the complaint. McLean, 79 So.3d at 173. A foreclosure plaintiff has standing if it owns and holds the note at the time suit is filed. Id. A plaintiff may also establish standing to foreclose by submitting evidence of a special endorsement on the note in favor of the plaintiff or a blank endorsement, an assignment from the payee to the plaintiff, or an affidavit of ownership. Id. at 174.
Because a promissory note is a negotiable instrument and because a mortgage provides the security for the repayment of the note, the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder.
Stone v. BankUnited, 115 So.3d 411, 413 (Fla. 2d DCA 2013) (quoting Mazine v. M & I Bank, 67 So.3d 1129, 1131 (Fla. 1st DCA 2011)).
Here, because the note at issue is endorsed in blank, and because AHMSI possessed the original note, its standing to foreclose is established from its status as the note holder. See id.; see also BAC Funding Consortium, Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So.3d 936, 938 (Fla. 2d DCA 2010) (“The proper party with standing to foreclose a note and/or mortgage is the holder of the note and mortgage or the holder’s representative.”); Mortg. Elec. Registration Sys., Inc. v. Azize, 965 So.2d 151, 153 (Fla. 2d DCA 2007) (“The holder of a note has standing to seek enforcement of the note.”). Accordingly, we reverse the involuntary dismissal of AHMSI’s foreclosure action and remand for further proceedings.
Reversed and remanded.
CRENSHAW and BLACK, JJ„ Concur.

. The original plaintiff in this foreclosure action was American Home Mortgage Servicing, Inc., a Maryland corporation (AHMSI-Mary-land). The appellant, American Home Mortgage Servicing, Inc., a Delaware corporation (AHMSI), purchased AHMSI-Maryland during the pendency of the action.