NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ONEWEST BANK, FSB,                        )
                                          )
         Appellant,                       )
                                          )
v.                                        )         Case No.   2D14-2397
                                          )
DEBRA CUMMINGS and BENJAMIN               )
CUMMINGS,                                 )
                                          )
         Appellees.                       )
_____)

Opinion filed August 12, 2015.

Appeal from the Circuit Court for
Pinellas County; David A. Demers,
Senior Judge.

Tony Perez of Blank Rome LLP,
Tampa, for Appellant.

Michael F. Singer of Singer Law, P.A.,
St. Petersburg, for Appellees.


KELLY, Judge.

         OneWest Bank, FSB, appeals from the order dismissing its foreclosure

action against Debra and Benjamin Cummings.  Because we conclude OneWest had

standing to foreclose at the time it filed the foreclosure complaint, we reverse.

The Cummings executed an adjustable rate note and mortgage in favor of IndyMac Bank in 2006. The loan was later acquired by OneWest and upon the Cummings' default, OneWest filed its verified complaint to foreclose in 2011. OneWest attached to its complaint a copy of the mortgage and the adjustable rate note with a blank endorsement. A separate page with a blank endorsement from IndyMac Bank was also attached to the complaint; neither endorsement was dated.

At the nonjury trial, Fredrick Denson, a loan analyst for Ocwen Loan Servicing, LLC, testified that Ocwen serviced the Cummings' loan on behalf of OneWest. A limited power of attorney executed by OneWest and evidencing Ocwen's designation as loan servicer was admitted into evidence. Mr. Denson stated that OneWest was the prior servicer of the Cummings' loan and that the servicing rights were transferred to Ocwen through Ocwen's acquisition of OneWest. He explained in detail Ocwen's regular business practice when it acquires the servicing rights of a loan from a prior servicer and stated that the records received are reviewed for accuracy and relied upon in servicing the loan. As to the location or transfer of the Cummings' original loan documents, Mr. Denson testified that the records indicated the original documents were received on May 15, 2010.

The Cummings challenged the admissibility of the records relating to loan payment history and location of the original loan documents on hearsay grounds. However, the trial court admitted the documents into evidence as OneWest's business records. The Cummings also objected to admission of the note arguing the endorsement on the note did not match the endorsements on the copy of the note attached to the complaint. The court ruled the Cummings' argument went to the weight

of the evidence, not the admissibility, and admitted the note and mortgage into evidence.

At the conclusion of trial, the court ruled in favor of the Cummings, finding OneWest failed to prove standing. The court cited discrepancies between the note introduced into evidence and the copy of the note attached to the complaint, as well as concern over the validity of an assignment of mortgage from Mortgage Electronic Registration Systems, Inc. ("MERS") to IndyMac. On appeal OneWest argues the trial court erred in finding the evidence insufficient to support its standing to foreclose. We agree.

"A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013) (footnote omitted). However, standing to foreclose must be established at the time the complaint is filed. Id.; Am. Home Mortg. Servicing, Inc. v. Bednarek, 132 So. 3d 1222, 1223 (Fla. 2d DCA 2014) (citing McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)). Here, the original mortgage and note with a blank endorsement and OneWest's business records indicating the payment history of the Cummings' loan were admitted into evidence. These documents, together with Mr. Denson's testimony that OneWest was the holder of the note prior to filing the complaint, were sufficient to establish OneWest's standing to foreclose. See Bednarek, 132 So. 3d at 1223; WAMCO XXVIII, Ltd. v. Integrated Elec. Env'ts., Inc., 903 So. 2d 230, 233 (Fla. 2d DCA 2005).

We reject the Cummings' argument that OneWest cannot prove it was in possession of the original note because the endorsement on the note in evidence did not match the endorsements on the copy of the note attached to the complaint. As argued by OneWest, the Cummings presented no testimony or evidence to contradict Mr. Denson's testimony that the note in evidence was the original note acquired by OneWest in May 2010. Likewise, the Cummings' argument regarding the validity of the assignment of mortgage from MERS to IndyMac is not relevant to OneWest's standing to foreclose. Because the evidence showed that OneWest possessed the original note endorsed in blank at the time it filed the complaint, its standing is established from its status as the note holder regardless of any recorded assignments. See Stone v. BankUnited, 115 So. 3d 411, 413 (Fla. 2d DCA 2013) (holding that "because a mortgage provides the security for the repayment of the note, the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder") (quoting Mazine v. M & I Bank, 67 So. 3d 1129, 1131 (Fla. 1st DCA 2011))). Accordingly, we reverse the dismissal of OneWest's foreclosure action and remand for further proceedings.

Reversed and remanded.

ALTENBERND and LUCAS, JJ., Concur.

- 4 -