DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GMAC MORTGAGE, LLC,**
Appellant,

v.

**LINDA PISANO, STEVEN PISANO**, **CAMINO SHERIDAN VILLAS
HOMEOWNERS ASSOCIATION, INC.**, **CITIBANK (SOUTH DAKOTA),
N.A.**, and **MARGARET BRANISS**,
Appellees.

No. 4D15-2843

[October 11, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lynn Rosenthal, Judge; L.T. Case No. CACE09-059895 (11).

Kimberly S. Mello and Jonathan S. Tannen of Greenberg Traurig, P.A., Tampa, and Patrick G. Broderick of Greenberg Traurig, P.A., West Palm Beach, for appellant.

Bruce Botsford of Bruce Botsford, P.A., Fort Lauderdale, for appellees Linda Pisano and Steven Pisano.

PER CURIAM.

The bank appeals a final judgment dismissing its foreclosure action for lack of standing. Because the bank demonstrated its standing as a holder of the note, we reverse.

GMAC originated the homeowner's loan in 2006.[1] Eventually, the homeowner defaulted and GMAC initiated a foreclosure action. After GMAC filed its complaint, Ocwen purchased the loan from GMAC and was substituted as the plaintiff in the foreclosure case. At trial, an Ocwen employee testified that GMAC had originated the loan and held the original note from origination through the filing of the complaint. While GMAC held the note, Freddie Mac/Fannie Mae actually owned the loan. Finding

---

[1] The homeowner died during the pendency of this appeal and appellees Linda and Steven Pisano were substituted in her place.

that Ocwen had failed to demonstrate that GMAC *owned* the loan when it filed the complaint, the trial court dismissed the action for lack of standing.

We review questions of standing de novo. *Vogel v. Wells Fargo Bank, N.A.,* 192 So. 3d 714, 716 (Fla. 4th DCA 2016). A foreclosure plaintiff satisfies the standing requirement when, at trial, it presents "competent, substantial evidence that it has standing to foreclose." *Id.*

A plaintiff must have standing when it files the complaint. *McLean v. JP Morgan Chase Bank Nat'l Ass'n,* 79 So. 3d 170, 173 (Fla. 4th DCA 2012). Standing may be based on a plaintiff's status as a note holder, *id.*, *or* its status as the original lender if "it owned the note and mortgage at the time it filed suit," *Lewis v. J.P. Morgan Chase Bank,* 138 So. 3d 1212, 1213 (Fla. 4th DCA 2014).

Here, the Ocwen employee's trial testimony demonstrated that GMAC held the note when it filed the complaint. The employee testified that she did not know of any transfers based on her review of records related to the note, nor did the records actually evidence any transfers of the note. In fact, nothing in the record suggested that the note ever left GMAC's possession. Evidence of a blank indorsement on the note, without more, does not support appellees' argument that the note was transferred, but only demonstrates that it *could be* transferred. *See* § 673.2051(2), Fla. Stat. ("When indorsed in blank, an instrument becomes payable to bearer and *may* be negotiated by transfer of possession alone until specially indorsed.") (emphasis added).

Because the record contained no evidence that the note was transferred, we must conclude that GMAC remained the note's sole holder from the loan's origination at least through the filing of the complaint. Appellees' assertions to the contrary are nothing more than mere speculation. Because GMAC held the note when it filed the complaint, it had standing to bring this action. *McLean,* 79 So. 3d at 173. Contrary to the trial court's conclusion, neither Ocwen nor GMAC had to prove that it owned the loan in order to have standing. Thus, Ocwen, as successor plaintiff to the note's holder, can step into GMAC's shoes and continue with this suit. We therefore reverse the trial court's dismissal of the action and remand for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings.*

WARNER, LEVINE, JJ., and BUCHANAN, LAURIE E., Associate Judge, concur.

*     *     *

*Not final until disposition of timely filed motion for rehearing.*