# Third District Court of Appeal

## State of Florida

Opinion filed October 24, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1170
Lower Tribunal No. 15-27940

_____

## IDS Property Casualty Insurance Company,
Appellant,

vs.

## MSPA Claims 1, LLC, etc.,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

White & Case LLP, and Raoul G. Cantero, David P. Draigh and Zachary B. Dickens; Ramón A. Abadin, for appellant.

MSP Recovery Law Firm, and John H. Ruiz, Frank C. Quesada and Arlenys Perdomo, for appellee.

Russo Appellate Firm, P.A., and Elizabeth K. Russo and Paulo R. Lima, for Property Casualty Insurers Association of America as amicus curiae.

Before EMAS, SCALES and LUCK, JJ.

SCALES, J.

Defendant below, IDS Property Casualty Insurance Company (IDS), appeals a non-final order granting the motion of plaintiff MSPA Claims 1, LLC (MSPA) to certify a plaintiff class consisting of Florida's thirty-seven Medicare Advantage Organizations.[1] MSPA is a claims-recovery assignee of Florida Healthcare Plus, now a defunct Medicare Advantage Organization. Below, MSPA alleged that IDS, an insurer under Florida's Motor Vehicle No-Fault Law (PIP),[2] failed to reimburse MSPA for conditional payments made by MSPA's assignor, Florida Healthcare Plus, on behalf of Florida Healthcare Plus's Medicare enrollees who were also covered under an IDS automobile insurance policy.

In January of 2014, M.A.,[3] an enrollee of Florida Healthcare Plus and an IDS insured, was injured in an automobile accident. Florida Healthcare Plus paid M.A.'s medical costs in the amount of $87,491.

---

[1] Medicare Part C allows Medicare enrollees the option of receiving their benefits from a State-licensed, private health care plan known as a Medicare Advantage Organization. The federal Centers for Medicare and Medicaid Services (CMS) contracts with and pays to the Medicare Advantage Organization a flat fee per enrollee. The Medicare Advantage Organization must pay the same Medicare Part A and B benefits to its enrollees as Medicare would do. In practice, the Medicare Advantage Organization stands in the shoes of Medicare, though it assumes a financial risk in the event the cost of the enrollee's care exceeds the CMS flat fee.

[2] §§ 627.730-627.7405, Fla. Stat. (2016).

[3] We use M.A.'s initials because the parties seek to protect M.A.'s privacy in this appeal.

On April 15, 2014, Florida Healthcare Plus assigned to La Ley Recovery Systems the rights to seek reimbursement from primary payers.[4] On December 1, 2014, La Ley Recovery Systems assigned its rights to MSP Recovery, LLC. On February 11, 2015, MSP Recovery assigned its rights to MSPA. Thus, MSPA held the baton and sent a demand letter to IDS for reimbursement. IDS responded that it did not owe any payment to MSPA because M.A. had exhausted PIP benefits (i.e., IDS already had met its financial obligation under M.A.'s PIP policy). In March of 2016, MSPA sued IDS for those medical payments made by Florida Healthcare Plus that allegedly should have been paid by IDS. In its suit, MSPA sought class certification for all similarly situated Medicare Advantage Organizations.

Following a hearing on September 26-27, 2016, the trial court certified the class. The trial court found that MSPA's motion satisfied the class-certification requirements of Florida Rule of Civil Procedure 1.220 with respect to numerosity, commonality, typicality, adequacy of representation, predominance and superiority. The trial court determined that MSPA was authorized to represent the

_____

[4] The PIP insurer is the primary payer for medical expenses incurred as a result of an automobile accident. §§ 627.730-7405, Fla. Stat. (2015). The Medicare Advantage Organization, on behalf of Medicare Part C enrollees, is the secondary payer. § 42 U.S.C. 1395y(b)(2)(A)(ii). At times, as in this case, the secondary payer will pay for its enrollee's medical care and seek reimbursement from the primary payer up to and including the $10,000 PIP limit. Medicare authorizes the secondary payer to make conditional payment when the primary payer "has not made or cannot reasonably be expected to make payment with respect to the item or service promptly." 42 U.S.C. § 1395y(b)(2)(B)(i).

class of claimants defined as: Medicare Advantage Organizations that "made payment(s) for medical services, treatment and/or supplies subsequent to December 2, 2009," for which IDS was responsible and for which IDS either failed to pay on behalf of its insured or failed to reimburse the Medicare Advantage Organizations or their assignees.

We reverse the trial court's order, adopting the analysis in the recently issued opinion of this Court in Ocean Harbor Casualty Insurance Company v. MSPA Claims I, LLC, No. 3D17-392 (Fla. 3d DCA Sept. 26, 2018). As in Ocean Harbor, in this case, MSPA has failed to establish that common issues predominate over individual issues. Porsche Cars of N. Am., Inc. v. Diamond, 140 So. 3d 1090, 1095-96 (Fla. 3d DCA 2014).  To quantify the claims of the putative class members will require a comprehensive and distinct analysis of *each* underlying PIP claim and automobile accident. Such analysis will necessarily include, at a minimum, the amounts paid by IDS, the payees of IDS, whether such payments exhausted the insureds' PIP benefits, the amounts paid by Florida Healthcare Plus, and the payees of Florida Healthcare Plus. Plainly, this is one of those cases where merely proving entitlement to reimbursement from IDS for payments made by Florida Healthcare Plus on behalf of M.A., in no way proves the cases of the other class members. Id. at 1096 ("Common issues predominate when . . . the proof

4

offered by the class representatives will necessarily prove or disprove the cases of the absent class members.").

In this case, individual issues overcome the common issues of the putative class, and the "predominance requirement is not satisfied when the claims involve factual determinations which are unique to each plaintiff." Volkswagen of Am., Inc. v. Sugarman, 909 So. 2d 923, 924 (Fla. 3d DCA 2005). As the opinion in Ocean Harbor explains: "[P]ayment under Florida no-fault law proceeds on a factually intensive bill-by-bill and case-by-case basis." Ocean Harbor, No. 3D17-392 at *23.

We reverse as well on the alternate ground of standing, an issue not addressed in the Ocean Harbor case. MSPA was the third assignee of Florida Healthcare Plus (the Medicare Advantage Organization that was allegedly entitled to reimbursement). The record indicates that the first assignment and the two subsequent assignments required the approvals of Florida Healthcare Plus. These approvals did not occur until the Receiver for Florida Healthcare Plus entered into a settlement agreement with the three assignees on June 1, 2016. MSPA filed its amended complaint in this case on March 8, 2016, several months prior to the Receiver's approval. MSPA's standing must exist at the inception of its case; the settlement agreement cannot exhume standing. Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic, 913 So. 2d 1281, 1285 (Fla. 2d DCA 2005); see also

5

MSPA Claims 1, LLC v. Infinity Auto Ins. Co., 204 F. Supp. 3d 1346, 1347 (S.D. Fla. 2016) (concluding in a case paralleling the instant case that MSPA lacked standing because MSPA did not hold a valid assignment from Florida Healthcare Plus due to lack of assignments approvals); MSPA Claims 1, LLC v. United Auto. Ins. Co., 204 F. Supp. 3d 1342, 1345 (S.D. Fla. 2016) (same).

The trial court relied on MSP Recovery LLP v. AllState Insurance Co., 835 F. 3d 1351 (11th Cir. 2016) to determine MSPA's standing. AllState is a case related in subject matter to the instant case and involved, among others, MSPA and IDS. In AllState, though, IDS took a different approach from that of the instant case in attacking MSPA's standing. IDS argued in AllState that MSPA's private cause of action against IDS (and other primary payers of PIP benefits) was barred by the federal anti-assignment statute, 41 U.S.C. § 6305(a). In rejecting this argument, the Eleventh Circuit held that 41 U.S.C. § 6305(a) would bar only the transfer of Florida Healthcare Plus's Medicare contract itself (or an interest in that contract) to MSPA. Id. at 1358.

In the instant case, IDS has based its standing attack not on the federal anti-assignment statute, but rather, on the validity of the assignments themselves. The AllState holding, therefore, is unavailing to MSPA to thwart the different standing challenge asserted by IDS in this case.

For these reasons, we reverse the order granting class certification.

Reversed and remanded for proceedings consistent with this opinion.