# Third District Court of Appeal

## State of Florida

Opinion filed August 11, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1799
Lower Tribunal No. 19-17028
_____

**Alpha Ransom,**
Appellant,

vs.

**Kitreana Grant-Van Brocklin, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Maria Espinosa Dennis, Judge.

Shook, Hardy & Bacon, L.L.P. and Sergio E. Pagliery, for appellant.

Stephanie C. Zimmerman (Bradenton) and Rachel Batten (Brooksville), for appellee Department of Children and Families.

Before FERNANDEZ, C.J., and GORDO, and LOBREE, JJ.

FERNANDEZ, C.J.

Alpha Ransom ("Ransom") appeals the trial court's order granting a motion to dismiss in favor of the State of Florida Department of Children and Families ("DCF"). Because the trial court violated due process by entering an involuntary dismissal without affording Ransom the opportunity to present his full case-in-chief, including the opportunity to present evidence to establish standing, we reverse the order and remand for further proceedings.

On August 1, 2019, Ransom filed a *pro se* Petition for the Determination of Paternity, Parental Responsibility, Parenting Plan, Time Sharing Schedule, and Child Support in order to gain custody of A. V-G., an eight-year-old boy who Ransom claims is his biological son. Ransom named as respondents Kitreana Grant ("Grant"), the boy's mother, and David Van Brocklin ("Van Brocklin"), who was married to Grant at the time of A. V-G.'s birth. Ransom's petition alleges that prior to Van Brocklin's death, both Grant and Van Brocklin acknowledged Ransom as the child's biological father. Following Van Brocklin's death, Grant's parental rights over A. V-G. were involuntarily terminated on April 26, 2019. DCF, who then took custody of A. V-G., moved to intervene and subsequently filed a motion for involuntary dismissal of Ransom's petition.

In DCF's Amended Motion to Dismiss, DCF alleged that Ransom could not meet his burden to establish standing to bring his petition. DCF

contended that Ransom failed to establish that he has manifested a substantial and continuing concern for the child and that he did not care for, provide for, or have a relationship with the child due to his incarceration from approximately July 25, 2012 until his release on June 5, 2019. DCF further highlighted his extensive criminal history. Additionally, DCF stated that Ransom's petition failed to comply with the pleading requirements of Florida Family Law Rule 12.110(b), and Ransom failed to name DCF as an indispensable party and failed to serve DCF in compliance with Florida Family Law Rule 12.140.

The trial court scheduled an evidentiary hearing on the motion to dismiss with the stated purpose of giving the department an opportunity to present evidence on its motion. Ransom filed an objection to the evidentiary hearing and requested that if a dismissal is warranted, that it be without prejudice to grant him an opportunity to cure any pleading defects. The trial court proceeded with the evidentiary hearing and took judicial notice of DCF's exhibits A-H, which included A. V-G.'s birth certificate showing that Ransom's name was not listed. Although Ransom's counsel proffered evidence during previous hearings such as testimony and photographs regarding Ransom's relationship with the child, the trial court concluded the evidentiary hearing without taking evidence from Ransom.

3

The trial court subsequently granted DCF's Amended Motion to Dismiss with prejudice, finding that Ransom's petition failed on its face, and that Ransom lacked standing to rebut the presumption of legitimacy. The trial court concluded that Ransom did not care for, provide for, or even have a relationship with the child, taking language *verbatim* from DCF's Amended Motion to Dismiss. The trial court further held that Ransom's *pro se* petition failed to comply with Florida Family Law Rule 12.110(b) and Florida Family Law Rule 12.140. This appeal followed.

We have jurisdiction to review orders that strike the entirety of a claim. Gries Inv. Co. v. Chelton, 388 So. 2d 1281, 1282 (Fla. 3d DCA 1980). A trial court's order granting a motion to dismiss with prejudice is reviewed *de novo*. Chakra 5, Inc. v. City of Miami Beach, 254 So. 3d 1056, 1061 (Fla. 3d DCA 2018). Standing is a pure question of law and therefore must be reviewed *de novo*. Sanchez v. Century Everglades, LLC, 946 So. 2d 563, 564 (Fla. 3d DCA 2006).

Upon review of the record, we find that the trial court violated due process by entering an involuntary dismissal without affording Ransom the opportunity to present his full case-in-chief, including the opportunity to present evidence to establish standing.

4

Due process requires that a party be given a meaningful opportunity to be heard. Pena v. Rodriguez, 273 So. 3d 237, 240 (Fla. 3d DCA 2019). A party may move for involuntary dismissal only "[a]fter a party seeking affirmative relief in an action has completed the presentation of evidence." Fla. Fam. L. R. P. 12.420(b); Fla. R. Civ. P. 1.420(b). Florida courts have repeatedly held that an involuntary dismissal may not be entered before the plaintiff has completed his or her presentation of evidence. See e.g., Deutsche Bank Nat. Trust Co. v. Santiago, 117 So. 3d 1146, 1147 (Fla. 3d DCA 2016); Lustig v. Garcia, 789 So. 2d 482, 483 (Fla. 4th DCA 2001). Denying plaintiff the opportunity to complete his or her case-in-chief is a denial of due process. A.N. v. M.F.-A., 946 So. 2d 58, 59-60 (Fla. 3d DCA 2006) (reversing the trial court's order granting a motion to dismiss with prejudice and remanding for an evidentiary hearing on the petition because the plaintiffs were denied the opportunity to complete their case-in-chief). In the present case, Ransom's counsel objected to the evidentiary hearing on the motion to dismiss because the hearing was to be conducted solely on evidence offered through a request for judicial notice of records and counsel clearly objected to the trial court entering an involuntary dismissal before Ransom was permitted to present his case through the presentation of evidence.

As to the issue of standing, the Supreme Court of Florida has held that a "biological father has standing to rebut . . . the 'presumption of legitimacy,'" when he has 'manifested a substantial and continuing concern' for the welfare of the child." Simmonds v. Perkins, 247 So. 3d 397, 398 (Fla. 2018) (quoting Kendrick v. Everheart, 390 So. 2d 53, 61 (Fla. 1980)). The biological father in Simmonds had standing where the child was given the prospective father's last name, the prospective father lived with the child for a period, the prospective father voluntarily paid child support, the child knew the prospective father as "daddy," and the prospective father alleged that the child knew and loves his mother as the child's grandmother. Id. at 399, 403. Here, Ransom's counsel provided the trial court with an overview of similar evidence pertaining to standing:

> I do have evidence that I want to present that Mr. Ransom has been involved in the child's life almost since the day the child was born. That the child has visited him, even when Mr. Ransom was in jail. That he has weekly calls with the child. The child calls him dad. I've got photographs of the child with Mr. Ransom and Mr. Ransom's family. Mr. Ransom had an account where he sent money to Ms. Van Brocklin from the jail.

Although this evidence may prove insufficient to rebut the strong presumption of legitimacy and establish standing, it was error for the trial court to grant a motion for involuntary dismissal before Ransom was permitted to present such evidence.

6

For the reasons discussed above, we hold that the trial court erred in granting DCF's Amended Motion to Dismiss with prejudice. We therefore reverse and remand for further proceedings.

Reversed and remanded.