# Third District Court of Appeal

## State of Florida

Opinion filed December 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0364
Lower Tribunal No. 18-21635-CA-01
_____


**Guillermo Fernandez, et al.,**
Appellants,

vs.

**Wilmington Trust Company,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jose Rodriguez, Judge.

Touron Law, and Francisco Touron III, and Alicia A. Carazo, for appellants.

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, and Eve S. Cann and  Matthew R. Feluren (Fort Lauderdale), for appellee.


Before SCALES, C.J., and EMAS and FERNANDEZ, JJ.

EMAS, J.

Guillermo Fernandez and Racquel Sanchez (together, "Fernandez")[1] appeal an amended final judgment of foreclosure entered in favor of Wilmington Trust Company. The verified foreclosure complaint, filed on June 25, 2018, included a count for reestablishment of a lost note. Fernandez contends the trial court erred in entering final judgment of foreclosure because the lost note was not properly reestablished and without this, Wilmington failed to prove it had standing to enforce the note.

Attached to Wilmington's complaint was a Lost Note Affidavit, wherein Jacqueline Buchanan, an employee of the loan servicer, Ocwen Loan Servicing, LLC, averred that Fernandez's October 10, 2005 note to Encore Credit Corp. was inadvertently lost; that Wilmington was in possession of the note when it was lost; and that after a diligent search, the original note could not be found. A copy of the note was attached to the affidavit, and it contained endorsements to Encore Credit Corp., JP Morgan Chase, and "Wilmington Trust Company as successor to the Bank of New York as Successor to Encore Credit Corporation, etc." Also attached to the affidavit of lost note was an assignment of mortgage, dated September 18, 2017, from Encore to

_____

[1] Fernandez and Sanchez executed the mortgage on the property as joint tenants with rights of survivorship. We refer to them collectively as "Fernandez" because their positions below and on appeal are the same, and they are represented by the same attorney who has filed a single brief on their behalf.

2

Wilmington "as successor to the Bank of New York as Successor to JP Morgan Chase Bank."

Fernandez answered the complaint, alleging standing as an affirmative defense. The court later denied Wilmington's motion for summary judgment, finding that it was not entitled to summary judgment because it had "not affirmatively established that its assignor, Bank of New York, had the right to foreclose."

The case proceeded to a nonjury trial, and the only affirmative defense asserted by Fernandez was standing. Following trial, the court entered the amended final judgment of foreclosure. As the issue of standing generally presents a pure question of law, our standard of review is de novo. Johnson v. State, 78 So. 3d 1305 (Fla. 2012); Sanchez v. Century Everglades, LLC, 946 So. 2d 563 (Fla. 3d DCA 2006). We generally review a trial court's ruling on the admission of evidence for an abuse of discretion. Rimmer v. State, 59 So. 3d 763, 774 (Fla. 2010). However, to the extent that the admissibility of evidence turns on a legal question or the construction of a statute or rule, we review such issue de novo. Turner v. State, 402 So. 3d 1162 (Fla. 3d DCA 2025); Hernandez v. CGI Windows & Doors, Inc., 347 So. 3d 113, 118 (Fla. 3d DCA 2022).

3

Under Florida law, an instrument may be enforced by either (1) the holder of the instrument; (2) a nonholder in possession of the instrument with the rights of a holder; or (3) a person not in possession who is otherwise entitled to enforce it. § 673.3011, Fla. Stat. (2025). This third category includes persons who have lost the instrument. Under section 673.3091, Florida Statutes (2025):

(1) A person not in possession of an instrument is entitled to enforce the instrument if:

(a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;

(b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and

(c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

(2) A person seeking enforcement of an instrument under subsection (1) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, s. 673.3081 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of

4

a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

We note that Wilmington filed an earlier foreclosure action in 2010. Following a nonjury trial, a judgment was entered in favor of Fernandez for Wilmington's failure to prove standing. Interestingly, the original note was provided to the trial court by Wilmington during the trial of that 2010 foreclosure action. However, and despite Wilmington being the holder of the note *at trial,* the court nevertheless found Wilmington lacked standing, apparently because a copy of the note was not attached to the original complaint and Wilmington's standing must exist "at the inception of its case." See IDS Prop. Cas. Insur. Co. v. MSPA Claims 1, LLC, 263 So. 3d 122, 125 (Fla. 3d DCA 2018); GMAC Mortg., LLC v. Pisano, 227 So. 3d 1279, 1280 (Fla. 4th DCA 2017) ("A plaintiff must have standing when it files the complaint.").

Fernandez and Wilmington each assert that what happened in the underlying 2010 foreclosure action supports their respective positions. And while the events surrounding the 2010 foreclosure action (including the introduction of the original note at that trial) may provide helpful context, it is ultimately unnecessary to our disposition of this 2018 foreclosure action, because here Wilmington was seeking to enforce a lost note, and the statutory requirements were established at trial through the introduction of

5

documents and the testimony of Louise Plasse, Senior Loan Analyst for Ocwen Financial Corporation, the loan servicer for Wilmington. Plasse testified that the lost note affidavit of Jacqueline Buchanan, an Ocwen employee (which was attached to the original complaint in this case along with a copy of the note with a specific endorsement to Wilmington) was a business record created and maintained in the ordinary course of Ocwen's regularly conducted business activity.

Plasse also testified that the note and the endorsements (all of which were attached and incorporated into the lost note affidavit and attached to Wilmington's original complaint), were part of Ocwen's business records and were contained in Fernandez's mortgage file. This copy of the note was also admitted into evidence. Finally, Plasse testified as to the circumstances of the note being lost, and that it could not be located after a diligent search. There was also evidence introduced that Wilmington succeeded JP Morgan Chase.

Fernandez contends that Wilmington "failed to present any witness that could testify regarding the undated endorsement chain to confirm [Wilmington] had the right to enforce the Note at the time it commenced the 2018 Action." Fernandez asserts that Wilmington's case was fatally flawed by providing the court with an affidavit from Jacqueline Buchanan without

6

calling her to testify at trial. We do not agree. Plasse's testimony that the copy of the lost note and the lost note affidavit (as well as documents which showed Wilmington owned Fernandez's loan) were all part of Ocwen's business records, were properly admitted at trial, and provided competent substantial evidence to reestablish the lost note under section 673.3091 and to establish Wilmington's standing to enforce that lost note. See e.g., OneWest Bank, FSB v. Cummings, 175 So. 3d 827 (Fla. 2d DCA 2015) (holding bank's business records indicating payment history and testimony that the bank was the holder of the note prior to filing the complaint is sufficient to establish bank's standing to foreclose).

In addition, Wilmington introduced into evidence the Pooling and Servicing Agreement and the Mortgage Loan Schedule, which together provided competent substantial evidence of Wilmington's standing to enforce the note at the time the lawsuit was filed. See Boulos v. U.S. Bank Nat'l Ass'n, 210 So. 3d 691 (Fla. 4th DCA 2016); Deutsche Bank Nat. Tr. Co. v. Marciano, 190 So. 3d 166 (Fla. 5th DCA 2016).

Affirmed.