# Third District Court of Appeal

## State of Florida

Opinion filed January 28, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1116
Lower Tribunal No. 18-42110-CA-01
_____

**USAA Casualty Insurance Company, et al.,**
Appellants,

vs.

**MSP Recovery Claims, Series LLC, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David Craig Miller, Judge.

Akerman LLP, and Alexander J. Hall, Valerie B. Greenberg, and Nancy A. Copperthwaite, for appellants.

MSP Recovery Law Firm, and Erimar von der Osten, Michael O. Mena, and John H. Ruiz, for appellees.

Before EMAS, FERNANDEZ and LINDSEY, JJ.

FERNANDEZ, J.

USAA Casualty Insurance Company and USAA General Indemnity Company (collectively, "USAA") appeal the trial court's order granting class certification. We reverse the order granting class certification due to MSP's failure to satisfy the predominance requirement of Florida Rule of Civil Procedure 1.220(b)(3).

This appeal arises from an expedited class certification proceeding sought by appellees MSP Recovery Claims, Series LLC ("MSP Recovery"), MSPA Claims 1, LLC ("MSPA Claims"), and MSP Recovery Claims Series 44, LLC ("Series 44") (collectively, "MSP"). This case involves the Florida Motor Vehicle No-Fault ("PIP") statute and the federal Medicare Secondary Payer Act ("MSP Act"). See § 627.736, Fla. Stat. (2018); 42 U.S.C. § 1395y *et seq*. (2018).

MSP obtained assignments from Secondary Payers who made payments on behalf of Medicare Advantage Organizations ("MAOs") and Managed Care Organizations ("MCOs"), or otherwise, reimbursed MAOs and MCOs for their Members' medical expenses. MSP brought the underlying action as a result of USAA's alleged failure to identify and to alert other insurance coverage pursuant to the PIP statute, section 627.736, Florida Statutes (2018).

On behalf of MSP and similarly situated entities, MSP sued USAA for a declaratory judgment and a pure bill of discovery. MSP requested the trial court declare that under section 627.736(4), and applicable law, USAA has an affirmative duty to determine whether its insureds are entitled to Medicare benefits to enable proper coordination of benefits and alert Medicare payers of their primary obligations. MSP sought to demonstrate that these duties are common to every single class member, and resolution of the case would provide common answers. In addition, MSP sought to establish that class-wide proof of USAA's failure to comply with their primary payer obligations under section 627.736(4) and its resulting harm can most efficiently be shown through information sharing between USAA, MSP, and the Class Members.

In May of 2024, the trial court scheduled an expedited class certification hearing. USAA moved to dismiss the second amended complaint for multiple reasons including personal jurisdiction. Before the hearing, the trial court denied USAA's motion to dismiss but withheld ruling on personal jurisdiction. A month later, the trial court entered three written orders denying dismissal on the personal jurisdiction defense, granting class certification, and granting the motion on class notice.

3

As a result, USAA filed two separate appeals. This appeal concerns the June 10, 2024, order granting class certification and is traveling together with the related consolidated appeals on the issue of personal jurisdiction.

Pursuant to Florida Rule of Civil Procedure 1.220, we review orders granting class action certification for an abuse of discretion. Sosa v. Safeway Premium Fin. Co., 73 So. 3d 91, 103 (Fla. 2011).

This is not MSP's first attempt to seek a class action lawsuit against an auto insurance company for declaratory relief. Specifically, this Court recently addressed this exact issue in IDS Prop. Cas. Ins. Co. v. MSPA Claims 1, LLC, 263 So. 3d 122, 123 (Fla. 3d DCA 2018) ("IDS I"), and IDS Prop. Cas. Ins. Co. v. MSPA Claims 1, LLC, 397 So. 3d 1075, 1077 (Fla. 3d DCA 2024) ("IDS II"). We find the IDS opinions directly on point.

During the class certification hearing, MSP recommended the trial court follow its class certification ruling in the "almost identical" IDS case that had yet to be decided on appeal at the time of the hearing. Specifically, MSP addressed the trial court as follows: "Obviously the IDS decision that was rendered by yourself, the order that you signed that certified **an almost identical case to this**, is part of those judicial notices." (Emphasis added). MSP requested "the Court certify this case **consistent with the IDS case** that the Court has certified previously." (Emphasis added). In stark contrast,

4

MSP now attempts to distinguish IDS II. We agree with MSP's initial assessment that the cases are "almost identical" and find IDS II highly persuasive.

In IDS I, the trial court certified MSPA's[1] class-action breach of contract claim against IDS, which this Court reversed and remanded for further proceedings. On remand, MSPA amended the complaint to seek a PIP action for a declaratory judgment "that IDS was required under the Medicare Act and the Florida Motor Vehicle No-Fault Law to determine which of its insureds were eligible for Medicare Part C benefits and notify secondary payers to enable coordination of benefits." IDS II, 397 So. 3d at 1078. The trial court once again granted class certification, and IDS once again appealed the certification order leading to this Court's opinion in IDS II. Id.

In IDS II, this Court recalled its holding in IDS I as follows:

> [In IDS I], we concluded that the putative class failed to satisfy the predominance requirement of Fla. R. Civ. P. 1.220(b)(3). As an alternative basis for reversal, we also found that MSPA lacked standing because the assignment of its reimbursement rights from La Ley had not yet been finalized at the time of the complaint . . . .

Id. Upon review of the amended complaint which replaced the original contract claim with the request for declaratory judgment, this Court

---

[1] MSPA and MSP are essentially the same party for our purposes.

determined in <u>IDS II</u> that it found "no substantive change in the legal analysis as applicable to the issues raised in this appeal from the issues resolved in <u>IDS I</u>." <u>Id.</u> Though this Court in <u>IDS II</u> chose to reverse on a nuanced standing issue, it addressed the issue of class certification at length, relying on the holdings of <u>IDS I</u> and other relevant cases:

> While we need not address the secondary issue of class certification, we note as well that the putative class action appears to suffer from the same or similar infirmities as identified in <u>IDS I</u>. There, we found that MSPA failed to satisfy the predominance requirement of Fla. R. Civ. P. 1.220(b)(3) because any recovery of unpaid benefits would ultimately turn on the individual PIP coverage of each of IDS's eligible insureds, so "MSPA has failed to establish that common issues predominate over individual issues." <u>IDS I</u>, 263 So. 3d at 124. **MSPA argues that because the amended complaint now seeks only a declaratory judgment regarding IDS's obligations to the class members, certification was appropriate under Fla. R. Civ. P. 1.220(b)(1)(A) or 1.220(b)(2) instead. However, as IDS notes, the complaint still effectively seeks money damages and intends to remedy past harms, such that highly individualized analysis of individual insureds would be required to identify any actual failures to comply with the No-Fault Act and Medicare Act.** Moreover, because IDS's primary payer obligations would be the same regardless of whether they were satisfied in any particular case, different rulings in separate cases would not be likely to result in inconsistent judgments or "trap the party opposing the class in the inescapable legal quagmire of not being able to comply with one such judgment without violating the terms of another." <u>McBirney v. Autrey</u>, 106 F.R.D. 240, 245 (N.D. Tex. 1985) (quotation omitted) (discussing equivalent federal rule). Thus, class certification would likely have been improper regardless. <u>See</u> <u>Freedom Life Ins. Co. of Am. v. Wallant</u>, 891 So. 2d 1109, 1117 (Fla. 4th DCA 2004) (noting that "(b)(2) certification does not extend to cases in which the appropriate final relief relates

exclusively or predominantly to money damages" (quotation omitted)); IDS I, 263 So. 3d at 124 ("To quantify the claims of the putative class members will require a comprehensive and distinct analysis of *each* underlying PIP claim and automobile accident. Such analysis will necessarily include, at a minimum, the amounts paid by IDS, the payees of IDS, whether such payments exhausted the insureds' PIP benefits, the amounts paid by Florida Healthcare Plus, and the payees of Florida Healthcare Plus. Plainly, this is one of those cases where merely proving entitlement to reimbursement from IDS for payments made by Florida Healthcare Plus on behalf of M.A., in no way proves the cases of the other class members.").

Id. at 1080 (emphasis added).

We adopt the sound reasoning in IDS II as it is directly analogous to the facts of the present case. Just as in IDS II, MSP seeks to avoid reversal of its class certification by bringing a "declaratory action" in lieu of direct money damages. However, this attempt is unsuccessful as MSP once again fails to satisfy the predominance requirement for the same reasons articulated by this Court in IDS II.

This Court also addressed the predominance requirement in Ocean Harbor Cas. Ins. v. MSPA Claims, 1, 261 So. 3d 637 (Fla. 3d DCA 2018). "The appropriateness of the class certification turns largely on whether issues common to the class will predominate." Id. at 639. In finding that MSPA had failed to satisfy the predominance requirement in that case also, this Court reasoned:

This case does not involve a situation in which MSPA's proof of its own claim "necessarily proves the cases of the other class members." Sosa, 73 So.3d at 112 (internal citation omitted). Proof that certain medical bills paid by MSPA's alleged assignor should have been paid by Ocean Harbor as a primary payer will not establish that other medical bills paid by a different MAO should also have been paid by Ocean Harbor as a primary payer. To the contrary, **proof to establish liability will necessarily devolve into a series of mini-trials under Florida no-fault law, § 627.736, et seq., Fla. Stat., which precludes a finding of predominance and renders this case inappropriate for class action treatment.**

Id. at 648 (emphasis added). Once again, we find the same in this present case.

Though there may be validity to USAA's standing argument as an alternative basis for reversal, we reverse the order granting class certification due to MSP's putative class failing to satisfy the predominance requirement of Fla. R. Civ. P. 1.220(b)(3). We find MSP's repeated attempts to overcome this failure through a declaratory judgment ineffective for the reasons stated in IDS II.

Reversed and remanded.